# Benson *v.* The State.

*Indictment for Using Abusive or Insulting Language, in or near Dwelling-Houses, in presence of Female.*

1. *Proof of words as charged.*—Under an indictment for using abusive, insulting or vulgar language, in or near the dwelling-house of the prosecutor, in the presence of a female member of his household (Code, § 4203), it is not necessary to prove the exact words charged, but is sufficient to prove them substantially as charged, provided there is no variance in the sense.

2. *Indorsement of "true bill," by foreman of grand jury.*—When the words "A true bill" are indorsed on an indictment, and the name of the

[Benson v. The State.]

foreman of the grand jury signed to such indorsement, in his presence, and by his direction, by the clerk of the grand jury (Code, § 4777), though such practice is irregular and reprehensible, the irregularity does not invalidate the indictment.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAMES E. COBB.

The bill of exceptions in this case states that, after the evidence was closed, the defendant asked the court, in writing, to charge the jury, "that unless they find from the evidence, beyond a reasonable doubt, that the defendant used the exact words charged in the indictment, they must find the defendant not guilty." The court refused this charge, and the defendant excepted to its refusal. After conviction, the defendant moved to set aside the verdict, and to arrest the judgment, "on the ground that the indictment was not indorsed '*A true bill*' by the foreman of the grand jury"; and proved in support of this motion, by the foreman of the grand jury by whom the indictment was found, "that his signature was not upon the indictment, but that his name was written upon it, under the words '*A true bill*', at his request, and in his presence, by the clerk of the grand jury." On this evidence, the court overruled the motion, and the defendant excepted.

· W. A. COLLIER, for the appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The indictment in this case charges the defendant with making use of abusive, insulting, or vulgar language, in or near the dwelling of one James Hill, in the presence of a member of the family, contrary to the provisions of section 4203 of the Code. No question arises on the form of the indictment, and the words alleged to have been used are duly set out.

The rule is, when certain language or words are averred in an indictment to have been spoken or used, it is sufficient if there is a substantial accordance between the allegation and the proof. If the words are substantially proved as laid, this is all that the law exacts, provided there is no variance in the sense.—Wharton's Cr. Ev. § 120 *a*; *Haley v. The State*, 63 Ala. 89 ; 1 Whart. Cr. Law, § 351. The court properly refused to charge the jury, that the exact words charged in the indictment as having been used, should be proved on the part of the State.

If the evidence had shown that the indictment was indorsed "A true bill," in the *name* of the foreman of the grand jury,

(35)

[Vaughn v. Higgins.]

and *without his authority*, it is clear that it could have been quashed on motion. But, as the name was signed in the presence of, and by the direction of the foreman, the clerk of the grand jury acting as his amanuensis in the matter, the signature was, in law, the act of the foreman himself. *Qui facit per alium, facit per se.* The indictment was not, therefore, invalidated by this irregularity; but such a practice is reprehensible, and not to be indulged, because liable to lead to unnecessary complications.

The judgment of the Circuit Court is affirmed.