# Coburn *v*. The State.

### *Grand Larceny.*

(Decided May 16, 1907.  44 South. 58.)

1. *Criminal Law; Overruling Plea by Court on Own Motion.*—
Where no demurrer, motion or plea was interposed, and no
evidence produced, it was error for the court of its own motion to
overrule a plea of former jeopardy for defects therein or from facts
within the personal knowledge of the court.

2. *Indictment and Information; Signing.*—The failure of the fore-
man of the grand jury to subscribe his name to the indictment at-
testing the fact that it was a true bill is good ground for quashing
the same.

3. *Larceny; Evidence.*—Preliminary questions leading up to the
production of evidence material to the inquiry, although the answer
to such preliminary questions may produce immaterial evidence, are
properly asked, and it is error to sustain objection thereto.

4. *Witnesses; Cross Examination.*—Where a witness had testified
that she had bought the furniture from defendant and one other, it
was proper on cross examination to ask her if she did not buy it
from someone else, as a test of her recollection.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

From a conviction for larceny Hamilton Coburn ap-
peals. Reversed and remanded.

The plea of former jeopardy referred to in the opinion and directed to be set out is as follows: Now comes the defendant, Hamilton Coburn, by his attorney and pleads to the indictment in this cause, and for plea says: That the state of Alabama ought not further to prosecute the indictment in this cause against him, and defendant ought not to be put to answer the said indictment, he having been heretofore in due manner of law acquitted of the premises charged herein, in this, to-wit: that on the 30th day of Janury, 1907, defendant was put upon his trial in this Honorable Court, in the city court of Bessemer, in and for said state and county, upon the complaint, issued out of the mayor's court of Bessemer, and appealed to this Honorable Court, where defendant was duly acquitted by this Honorable Court, and defendant avers that he has demanded of the clerk of the city court of Bessemer the papers in said cause wherein the defendant was acquitted of the said crime, but said papers have not been delivered to defendant or his attorney, hence said complaint or a copy thereof has not been attached to nor set out in this plea and defendant says that he was arraigned before said city court of Bessemer on said complaint which said court was and is a court of competent jurisdiction to try said cause, and defendant avers and says that the witnesses in said cause were examined in due form of law before said court and the counsel for state and defendant addressed the court in due form of law, that the defendant was put upon trial on his plea of not guilty and after a due and proper trial by and before the judge of this Honorable Court this court discharged said defendant on the day the said cause was tried as aforesaid and said verdict was duly recorded and this defendant was discharged, and defendant says that the present charge or indictment was embraced in the former trial and the same evidence is to be introduced at this trial as upon

the former trial and the same evidence is relied upon for conviction in this trial as upon the former trial; that the offense charged in the present indictment is the identical offense upon which the defendant was formerly discharged and the offense charged in the present indictment is the same offense charged in the former complaint upon which former complaint the defendant was discharged according to law, and the defendant, says that he is the identical person charged with larceny in the present cause, with the person charged with the same offense in the former complaint, upon which former complaint he was tried and acquitted, wherefore defendant prays judgment of the court here whether he should be compelled to answer this present indictment and that he may be dismissed out of this court without day. The record stated that when this plea was interposed the court stated to the attorney for defendant that his plea was not good.

W. K. SMITH, T. T. HUEY, PINKNEY SCOTT, and RAY RUSHTON, for appellant.—The plea of former jeopardy is clearly sufficient.—*Gordon v. The State,* 71 Ala. 315. The court erred in overruling the plea of former jeopardy of its own motion.—*Faulk v. The State,* 52 Ala. 415; *Foster v. The State,* 39 Ala. 229; *Nelson v. The State,* 9 Ala. 610. The courts take judicial knowledge of the charters of municipal corporations and of special statutes conferring special powers conferred on them. —*Hughes' Case,* 65 Ala. 201; *Mayor v. Wetumpka,* 63 Ala. 611. Under the provisions of Acts 1900-01, p. 464, the facts stated in the plea if proven, are sufficient to abate the indictment.—*Moore v. The State,* 71 Ala. 307; *Powell v. The State,* 89 Ala. 172; *Brown v. The State,* 105 Ala. 117. The state should have at least been required to join issue or demur.—*Rooks v. The State,* 83 Ala. 79. The signing by the foreman is the only evi-

·[Coburn, v. The State.]

dence of the authenticity of the indictment.—*Moses'
Case,* 45 Ala. 421; *Wesley's Case,* 52 Ala. 182; *McKee's
Case,* 82 Ala. 32. In larceny, the ownership of the prop-
erty is material and proof essential.—*Barnes v. The
State,* 123 Ala. 24; *Robinson v. The State,* 84 Ala. 434.

ALEXANDER M. GARBER, Attorney General, for the
State.—No brief came to the Reporter.

SIMPSON, J.—The defendant in this case was tried
and convicted of the crime of grand larceny; the sub-
ject of the larceny being chairs and a table, alleged to
be worth a little over $5, which were taken from a ware-
house.

It appears from the record that the defendant inter-
posed the plea of autrefois acquit, which it set out in the
statement of the case; that "no motion, demurrer, repli-
cation, or any objection, by any plea or paper," was in-
terposed; but the court on its own motion "overruled"
the plea, stating that the same was not good, and stat-
ing what had been the proceedings in the city court of
Bessemer, when the case was before it, as stated in the
plea. When a plea is regularly interposed in a case, it
is subject to either a demurrer or a motion to strike
from the records, and, if neither is interposed, issue
must be taken on the plea, and it goes before the jury
on the question of fact. The plea in this case was defec-
tive, and subject to demurrer; but it was the right of the
pleader to have those defects pointed out, and then to
amend his plea. We know of no rule by which the court
can, of its own motion, "overrule" a plea on facts with-
in the personal knowledge of the judge, without evi-
dence properly produced before the court.—*Andrews'
Stephen's Pleading,* p. 136; 16 Ency. Pl. & Pr. p. 582,
583; *Lovett v. State,* 4 S. E. 912, 80 Ga. 255.

The defendant then interposed a plea in abatement,
alleging, first, that the foreman of the grand jury failed

to subscribe his name to the fact that said indictment was a true bill; and, second, that the name of the foreman was merely printed on the indictment, and not signed. There does not seem to have been any demurrer or motion to strike this plea either; but the court "overruled" the plea, and "refused to hear or entertain the said plea further." In addition to what has been said in regard to the first plea, the first ground mentioned in said plea was a good cause for abating the suit, or, more properly, quashing the indictment (Code 1896, § 5039); and, while the court is of the opinion that the plea was demurrable as to the second ground (*Bessemer v. State,* 68 Ala. 544), yet the question should have been presented in accordance with the rules of pleading.

It as not material to the cause of the defendant whether or not Safronia Miles knew whose furniture it was that defendant had sold her; yet, as that question, if answered in the affirmative, would have led up to the question as to who did own the property (which was a material inquiry), the court erred in sustaining the objection to said question.

The court erred in sustaining the objection to the question to the witness Safronia Miles, "if she did not buy the furniture from Mitchell." The witness had testified, on examination in chief, that she had bought the furniture from the defendant and one Pratt, and it would have been proper to allow the defendant, on cross-examination, to test her recollection, by asking whether, as a matter of fact, she did not buy the furniture from another party.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.