# Parsons *v.* The State.

### *Murder.*

(Decided January 16, 1913.   60 South. 864.)

1. *Criminal Law; Former Jeopardy; Trial of the Plea.*—An issue of former jeopardy either of acquittal or conviction must be tried separately and in advance of the issue of not guilty, and this rule is not subject to waiver in a felony case.

2. *Same; Striking Plea.*—While it was not necessary to strike a defendant's plea of not guilty in trying the issue presented by a plea of former jeopardy, the fact that it was stricken is not prejudicial.

3. *Same; Evidence.*—Where the plea of former jeopardy averred that all the proceedings relied on were shown by the records of the court, evidence de hors the record, especially parol evidence, was not admissible to show them.

4. *Same; Direction of Verdict.*—Where there was no evidence to show that defendant had been formerly put on trial for the offense charged the jury were properly directed at the request of the state to find the issue of former jeopardy in favor of the state.

5. *Homicide; Evidence; Res Gestae.*—It was proper to permit a witness for the state to testify that at the time of the murder defendant "was using" the house in which the murder was committed, the same being a part of the res gestae.

6. *Same; Cause of Death; Evidence.*—The evidence examined and held to warrant a finding that deceased was killed by a bullet or bullets.

7. *Criminal Law; Arrest of Judgment; Motion.*—Where the motion in arrest of judgment was not based upon any matter apparent upon the record proper, it was properly overruled.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Dick Parsons was convicted of murder and he appeals. Affirmed.

RICE & VANDER VOORT, for appellant. Counsel discuss the errors assigned, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The ruling

on the demurrer to the plea is shown only by bill of exceptions and cannot be reviewed.—*Powell v. State,* 89 Ala. 172; *Peters v. State,* 100 Ala. 10. The plea was lacking in two requirements.—*Henry v. State,* 33 Ala 338; *Cross v. State,* 117 Ala. 73; *Hollis v. State,* 123 Ala. 74; *Black v. State,* 123 Ala. 78. The motion in arrest of judgment appears only in the bill of exceptions, and should appear upon the record proper.—*Durrett v. State,* 133 Ala. 119; *Harris v. State,* 153 Ala. 19. The matters upon which the motion was based do not appear of record.—*Hampton v. State,* 133 Ala. 180; *Taylor v. State,* 112 Ala. 69.

SOMERVILLE, J.—The defendant was convicted of the murder of Cal Parsons. On the trial he interposed pleas of former jeopardy along with his plea of not guilty. On motion of the solicitor the plea of not guilty was temporarily stricken from the file, and trial was first had on the jeopardy pleas. The issue being found against defendant on these pleas, the plea of not guilty was refiled, and the trial proceeded on its merits.

Under the established practice in this state, the issue of former acquittal, conviction, or jeopardy must be tried separately and in advance of the issue of not guilty; and in felony cases the defendant cannot waive the operation of the rule.—*State v. Nelson,* 7 Ala. 610; *Faulk v. State,* 52 Ala. 415; *Moody v. State,* 60 Ala. 78. It was not necessary to strike defendant's plea of not guilty for this purpose, but the practice pursued was in no sense prejudicial to defendant.

The defense of former jeopardy was presented by five separate pleas, of which we need only notice the last. This plea avers the following facts constituting the former jeopardy relied on: Defendant was arraigned under an indictment charging him with the murder of

John Gore by shooting him with a pistol, and also under the indictment in this case charging him with the murder of Cal Parsons by shooting him with a pistol, to both of which he pleaded not guilty. Thereafter, on October 11, 1911, he was placed upon trial before a jury, and on that trial counsel for the state presented to the jury both of said offenses; witnesses were duly examined as to both offenses; counsel for state and for defendant addressed the court and jury in due form as to both offenses; the court charged the jury relative to the offense of murdering John Gore, and on the following day, there being a verdict of not guilty, a judgment of acquittal of that offense was duly entered for defendant; up to the time the court charged the jury the latter were under the bona fide belief that they were sitting in judgment upon defendant for both of said offenses, and would have felt bound to render their verdict upon both of them. The plea concludes with the averment that "said court then and there had jurisdiction to hear and try defendant for said offense, *all of which proceedings sufficiently appear by the records of said court, which are evidence thereof*" (italics ours).

The court overruled the state's demurrers to the plea, and it is therefore unnecessary to pass upon the question of its sufficiency under statutory or common-law requirements. Issue was joined on the plea, and defendant placed in evidence the indictment charging the murder of John Gore, the minute entry showing arraignment and plea of not guilty under both indictments, and the judgment entry showing verdict and judgment of acquittal of the killing of John Gore. Defendant then offered to prove by the testimony of two of the jurymen in that case the several averments of the plea with respect to the charges presented to them, and the evidence and arguments thereon, and the belief

of the jury that they were trying both offenses. On objection by the state this testimony was rejected. Under the averment of the plea that all the proceedings relied on were shown by the records of the court, it is obvious that evidence dehors the record, and especially parol evidence, was not admissible to show them. The averment was material and vital, and the court did not err in this regard.

No other evidence was offered, and the court on request in writing instructed the jury to find the issue for the state, if they believed the evidence. This charge was properly given, since there was no evidence before the court tending in any degree to show that defendant had been previously put upon his trial for the offense presently charged.

There was no error in allowing a witness for the state to testify that at the time of the murder defendant "was using" the house in which the murder was committed, since this was a part of the res gestæ of the transaction.

The testimony for the state tended to show that the victim of the murder was shot four times—in the leg, in the side, in the head, and in the heart. In addition to these four bullet wounds, it appeared from the testimony of one of defendant's witnesses that there was a gash on the back of the head which appeared to have been made with some square instrument, and that in this gash was a bullet hole. On this evidence it was certainly open to the jury to find that deceased was killed by a bullet or by bullets, and the general affirmative charge, evidently requested on the theory of a variance, was properly refused to defendant.

The charges given to the jury at the instance of the state were correct statements of the law as to reasonable doubt.

[Godau v. The State.]

The motion in arrest of judgment was not grounded on any matter apparent upon the record proper, and was therefore properly overruled.—*Cooper v. State,* 88 Ala. 107, 7 South. 47; *Durrett v. State,* 133 Ala. 119, 32 South. 234; *Mangrall v. State,* 1 Ala. App. 189, 55 South. 446.

We have examined the entire record, and find no error prejudicial to defendant.

Let the judgment be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.