(135 So. 647)

## EVANS v. STATE.
### 6 Div. 786.

Court of Appeals of Alabama.
June 30, 1931.

A. A. Griffith, of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The appellant, defendant below, was indicted and charged with manufacturing whisky and having a still in his possession for the purpose of manufacturing prohibited liquors or beverages. He was tried on this indictment and convicted, the jury returned a general verdict of guilty, and his punishment was fixed at imprisonment in the penitentiary for a term of not less than two years and not more than three years. From this judgment of conviction this appeal was taken.

Before entering upon the trial, the defendant filed a plea of autrefois convict; said plea is as follows:

"Comes the defendant by his attorney and for plea says: The State ought not to further prosecute this indictment against him because at a regular term of the County Court a complaint or affidavit was preferred or made against him in said County Court in words as follows: The State of Alabama, Cullman County, County Court. Before me, S. J. Griffin, Judge of the County Court of said County, personally appeared Belt Edmondson who, being sworn deposes and says that he has probable cause for believing, and doth believe that Charley Evans did buy, sell or have in possession illegally, give, barter, exchange, receive, deliver, carry, or ship, prohibited liquors contrary to law in said County within the past twelve months, against the peace and dignity of the State of Alabama.

" 'C. B. Edmondson.

" 'The above sworn and subscribed to before me this 2nd day of June, 1928.

" 'S. J. Griffin, Judge of the County Court.'

"That at a regular term of said County Court, on, to-wit: The 6 day of August, 1928, the Defendant was put upon trial by said Court for said offense, and he plead guilty and was duly convicted by said court of said offense charged in the above complaint, which this defendant alleges was based upon and is of the same matters and transactions as is alleged in this indictment or prosecution, of which he is now charged. All of which the defendant is ready to verify, and prays judgment that he should be discharged as to the present indictment.

"Barney Bland, Attorney for Defendant.

"Sworn and subscribed to before me this 19th day of Sept. 1929.

"T. M. Bailey, Clerk."

The record discloses that the court ex mero motu disposed of said plea by making and entering the following order: "1929, Sept. 19. The motion or plea overruled and defendant excepts." That is the only order that the record discloses that was made on the defendant's motion or plea. The state did not, so far as the record reveals, make any motion to strike the plea nor file any demurrer to the same, but, so far as can be ascertained from the record, the court ex mero motu overruled the motion or plea of defendant.

The plea shows that the defendant, in the court below, was undertaking to set up as a part of his defense that he had theretofore been convicted in the county court of Cullman, Ala., for having contraband liquor in his possession, and that the liquor constituted a part of the transaction of operating a still or having a still in his possession for the purpose of manufacturing liquor. In other words, the defendant was undertaking under this plea to set up that, when the officers raided him, they found this liquor on his premises, and that the liquor so found had been made on this still, and that he was entitled to require the state to elect for which offense they would prosecute him, and the state, having insisted on a prosecution for having liquor in his possession, which was all the liquor made on this still and in his possession at this time, would be estopped from further prosecuting the defendant for making liquor or having a still in his possession. In this connection appellant relies upon the following decisions: Jones v. State, 19 Ala. App. 600, 99 So. 770; Savage v. State, 18 Ala. App. 299, 92 So. 19; Haraway v. State, 22 Ala. App. 553, 117 So. 612; Moss v. State, 3 Ala. App. 190, 58 So. 62; Moore v. State, 71 Ala. 307; Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am. St. Rep. 79.

It is insisted that "the Supreme Court and the Court of Appeals have laid down the rule that the matter set out in the plea involved in this case, is a good defense, provided the evidence discloses that the liquor was made on the still and had not been separated or carried away from the place where it was distilled, and at the time of the raid was in possession of the defendant." It is admitted, however, that "both courts have held that if the liquor made on the still was carried away by the defendant and was found by the officers in a different place, that, in and of itself, would be a distinct offense, for which the defendant was subject to prosecution." It is also insisted "that the defense set up in the plea would be available to the defendant under certain circumstances, provided the plea was properly drawn and set up by its averments a sufficient finding of facts so that the defendant would be entitled to introduce evidence under his plea, and that it was manifest error to the rights of the defendant in the court below, for the court to

arbitrarily overrule the plea, as the proper way would have been for the State to have tested the sufficiency of the plea by demurrer, and in the event the court sustained the demurrer to the plea, then the defendant would have been given the opportunity to have amended his plea so as to meet the court's ruling on demurrer, but when the court arbitrarily comes along and overrules the plea, the defendant is cut out of all his rights from setting up his defense, and, of course, the authorities are uniform that a plea of former jeopardy must be specially pleaded, and that such matters and things are not available to the defendant under the general issues."

In the case of Parsons v. State, 179 Ala. 23, 60 So. 864, the Supreme Court held: "An issue of former jeopardy either of acquittal or conviction must be tried separately and in advance of the issue of not guilty, and this rule is not subject to waiver in a felony case."

We think the plea undertaken to be set up in this case probably would fall under section 5205, form No. 5—Plea of Autrefois Convict, as shown on page 685, volume 2 of the Code of 1923 of Alabama. Section 5199, volume 2 of the Code of 1923, declares how pleas in criminal cases shall be determined.

The record shows that during the taking of evidence in the case the defendant, at several different stages of the trial, sought to prove the averments of his plea, and in each instance the state objected to each of the questions, and the court sustained such objection.

From the foregoing it will be seen that this case is practically on all fours with the case of Coburn v. State, 151 Ala. 100, 44 So. 58, 15 Ann. Cas. 249. In that case the court said:

"The defendant in this case was tried and convicted of the crime of grand larceny; the subject of the larceny being chairs and a table alleged to be worth a little over $5, which were taken from a warehouse.

"It appears from the record that the defendant interposed the plea of autrefois acquit, which is set out in the statement of the case; that 'no motion, demurrer, replication, or any objection, by any plea or paper,' was interposed; but the court on its own motion 'overruled' the plea, stating that the same was not good, and stating what had been the proceedings in the city court of Bessemer, when the case was before it, as stated in the plea. When a plea is regularly interposed in a case, it is subject to either a demurrer or a motion to strike from the records, and, if neither is interposed, issue must be taken on the plea, and it goes before the jury on the question of fact. The plea in this case was defective, and subject to demurrer; but it was the right of the pleader to have those defects pointed out, and then to amend his plea. We know of no rule by which the court can, of its own motion, 'overrule' a plea on facts within the

**392**

personal knowledge of the judge, without evidence properly produced before the court. * * *

"The defendant then interposed a plea in abatement, alleging, first, that the foreman of the grand jury failed to subscribe his name to the .fact that said indictment was a true bill; and, second, that the name of the foreman was merely printed on the indictment, and not signed. There does not seem to have been any demurrer or motion to strike this plea either; but the court 'overruled' the plea, and 'refused to hear or entertain the said plea further.' In addition to what has been said in regard to the first plea, the first ground mentioned in said plea was a good cause for abating the suit, or, more. properly, quashing the indictment * * * and, while the court is of the opinion that the plea was demurrable as to the second ground, * * * yet the question should have been presented in accordance with the rules of pleading."

In Carter v. State, 21 Ala. App. 406, 108 So. 642, this court on a similar point, said: "It will therefore be seen that the defendant's plea of misnomer was in form and properly before the court, to be disposed of as in such cases made and provided. The trial judge did not do this, but without motion, demurrer, or issue joined, overruled the defendant's plea. This is shown by the judgment and was error to a reversal."

The principal insistence of error here is identical with the controlling point of decision in the Coburn Case, supra, above quoted. Upon authority of that case, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.