5 So.2d 822

**MIKELL v. STATE.**

4 Div. 652.

Court of Appeals of Alabama.
June 30, 1941.

Rehearing Denied Oct. 7, 1941.

Carnley & Carnley and J. C. Fleming, all of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the trial below this appellant was convicted for the violation of Section 5407, of the Code 1923, Code 1940, Tit. 14, § 395. The offense being that of rape. From the judgment of conviction pronounced and entered, this appeal was taken.

From the view we take of this case we deem it essential and necessary to quote the testimony adduced upon the trial, more at length than is our custom.

It appears from the record, that on the night of December 10, 1939, this appellant went to the home of the woman, the alleged injured party, in Enterprise, Coffee County, Alabama, and he, appellant, invited her to go out with him. She accepted his invitation and the two left her home in an automobile, which car was owned and being driven by one Cecil Byrd, a witness in this case. These three people rode around in Enterprise and finally left there going to what was described as a "beer joint," over in Houston County, Alabama. At this place, said Byrd left the automobile and went into the beer joint. Appellant then drove the car around to the side of the beer joint building, and there, in the absence of Byrd, had sexual intercourse twice with the woman named. According to the testimony of the woman these acts of sexual intercourse were not voluntary on her part, but were forced upon her by the accused, who, she testified, choked her and threatened to kill her, and that this was done at the "beer joint" in Houston County.

After the second act of sexual intercourse between these people, said Byrd who had been on the inside of the "beer joint," carried them back to Enterprise and left them at the ball park, or airport, near the woman's home, and, he, Byrd, drove away. Thereupon the accused again, for the third time that night, had sexual intercourse with her. This last act of sexual intercourse was committed in Coffee County.

On February 22, 1940, the grand jury of Houston County, Alabama, found and returned an indictment into the circuit court of that county, against Mikell, appellant here, charging that before the finding of the indictment he forcibly ravished her. The indictment being in proper form and substance. On March 15, 1940, this man Mikell was tried in the circuit court of Houston County, for the offense of rape as charged in the above mentioned indictment. Upon that trial the woman, this alleged injured party, testified as a witness for the State as to the particularities of the three acts of sexual intercourse above mentioned, giving details of the act of sexual intercourse committed at Enterprise, in Coffee County, as well as the details of the two acts committed at or near, the "beer joint," in Houston County. On that trial the defendant, appellant here, was acquitted of the charge of having forcibly ravished said woman, in Houston County, Alabama, and judgment to that effect was duly pronounced and entered by said court.

On the 29th day of August, 1940, the grand jury of Coffee County, found and returned into the circuit court, an indictment charging him with rape of said woman in Coffee County, Alabama.

On October 21, 1940, Mikell, the defendant, in answer to said indictment filed his plea of not guilty, and autrefois acquit, duly verified as the law requires. Said plea of former jeopardy, set out as a part thereof a duly certified copy of the Houston County indictment, and also, a duly certified copy of the judgment of his acquittal of the charge contained in said indictment.

On October 25, 1940, appellant was put to trial on the Coffee County indictment.

This record shows that the plea of former jeopardy was fully and conclusively proved by the defendant on this trial.

Section 4894 of the Code 1923, Code 1940, Tit. 15, § 94, declares that: "When an offense is committed partly in one county and partly in another, or the acts, or effects thereof, constituting, or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county."

The State elected to first indict and prosecute the defendant in Houston County for the ravishment complained of. Upon the trial in Houston County, the testimony tended to show, without dispute or controversy that if force was used, or fear and mental apprehension were engendered or aroused in the mind of the woman in question by the defendant, and that as a result thereof he had unlawful carnal knowledge of her, forcibly, and without her consent, then all of this occurred at the "beer joint" in Houston County, which under the Statute gave that county jurisdiction, although the actual sexual intercourse may have been committed in Coffee County.

 In our opinion, under the testimony of the alleged injured woman, upon the trial of the defendant in Houston County, the defendant was in jeopardy of his life, or liberty for having unlawful carnal knowledge of her forcibly and without her consent at the ball park, or airport, in Enterprise, Coffee County, Alabama, and that his acquittal by the circuit court of Houston County, barred his prosecution for this identical offense the second time in Coffee County, Alabama, under the Coffee County indictment: Const. of Alabama, 1901, Art. I, Section 9, James v. State, 23 Ala.App. 119, 121 So. 690.

■ The oral charge to the jury in this case is contrary to and in conflict with the views of this court, hereinabove expressed, and the defendant appropriately and timely objected, and excepted to that portion of the oral charge that dealt with the defendant's plea of former jeopardy. In overruling and denying defendant's objection to said portion of the oral charge, the trial court committed reversible error.

· ■ Upon the trial of the case in the court below, it was the duty of the court to submit to the jury, separately and in advance of the issue of not guilty, the defendant's said plea of former jeopardy. This the court did not do, but submitted both issues to the jury at the same time. In the case of Evans v. State, 24 Ala.App. 390, 135 So. 647, 648, this court held, that before entering upon the trial of a criminal case where the defense of former jeopardy was interposed along with the plea of not guilty (as was done in the case at bar), it was necessary that such plea be tried separately and in advance of the plea of not guilty. This court further said: "In the case of Parsons v. State, 179 Ala. 23, 60 So. 864, the Supreme Court held: 'An issue of former jeopardy either of acquittal or conviction must be tried separately and in advance of the issue of not guilty, and this rule is not subject to waiver in a felony case.'" (Emphasis added.)

The defendant requested the trial court to give to the jury the following written charge, numbered 5: "I charge you that if you believe the evidence in this case you cannot convict the defendant." The court refused said charge and endorsed the same "Refused." In refusing to give said charge the trial court committed reversible error.

For the reasons hereinabove expressed the judgment of the trial court must be, and the same is, hereby reversed.

It is evident, that under the defendant's plea of former jeopardy he should not again be put upon trial to answer the Coffee County indictment. It is, therefore, ordered and adjudged by this court that the judgment of this court be here entered discharging the defendant from the charge contained in said indictment, and from further custody in this proceeding.

Reversed and rendered.