Morel Montgomery, Birmingham, for appellant.

60 So.2d 377

### BERLAND v. CITY OF BIRMINGHAM.

**6 Div. 436.**

Court of Appeals of Alabama.

June 10, 1952.

Rehearing Denied June 30, 1952.

J. Reese Johnston, Jr., Birmingham, for appellee.

**HARWOOD, Judge.**

Upon being convicted in the Recorders Court of the City of Birmingham for violation of a city ordinance (Sec. 1139, Code of City of Birmingham), this appellant duly perfected his appeal to the circuit court of Jefferson County. In the Recorders Court the appellant was at the same trial acquitted of violation of another ordinance. (Sec. 121, Code of City of Birmingham).

In the circuit court the City filed a new complaint.

In answer to the complaint filed in the circuit court the appellant filed a plea of autrefois acquit. While this plea did not set out in full the complaint under which the appellant was formerly tried and acquitted, it did set out the substance of said complaint. Otherwise it follows the form prescribed for such plea in Section 288(6), Title 15, Code of Alabama 1940.

No demurrer or motion to strike was filed to this plea.

In this connection the judgment entry reads as follows:

"This the 1st day of November, 1951, came Chas. H. Brown, who prosecutes for the City of Birmingham, and also came the defendant in his own proper person and by attorney, and the City of Birmingham files written Complaint in this cause, and the defendant files plea of autrefois acquit, and said plea being considered by the Court, it is ordered and adjudged by the Court that said plea be and the same is hereby overruled, to which action of the Court in overruling said plea, the defendant reserves an exception; and the defendant being duly arraigned upon the Complaint filed by the City of Birmingham, for his plea thereto says that he is not guilty, and issue being joined on said plea, the Court, hearing the evidence without a jury, finds the defendant guilty as charged in the Complaint."

The judgment entry thus shows that the court ex mero motu overruled the plea, and that thereafter the appellant was arraigned and filed his plea of not guilty.

 When a plea is regularly interposed it is subject to either a demurrer or motion to strike, and if neither is interposed issue must be taken on the plea. A court is without authority to overrule such plea without giving the party interposing the plea an opportunity to submit his evidence in support thereof. Coburn v. State, 151 Ala. 100, 44 So. 58; Carter v. State, 21 Ala.App. 406, 108 So. 642; Evans v. State, 24 Ala.App. 390, 135 So. 647.

The above doctrine as applied to the procedural development of this cause compels that an order of reversal be herein entered.

Reversed and remanded.

59. So.2d 824