266 So.2d 325

Joseph Raymond HARMON

v.

STATE.

7 Div. 104.

Court of Criminal Appeals of Alabama.
June 13, 1972.

Rehearing Denied Aug. 1, 1972.

**522**

---

H. Gerald Reynolds, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was convicted in the lower court of burglary in the first degree and his punishment was fixed at life imprisonment in the State penitentiary. The indictment charging the offense upon which this case is based was returned by the Grand Jury of Shelby County on October 30, 1968. There were several other indictments returned against the appellant based upon incidents which happened on the night of September 3, 1968.

Before the trial took place in the case at bar it appears that the appellant had been tried on at least one or more indictments and had spent a short time in Bryce Hospital for examination under order of the circuit court to determine his sanity. This was upon the petition filed by appellant's attorney in the circuit court where one or more of the cases was pending.

From the record in this case it appears that the appellant filed on May 21, 1970, his motion for a speedy trial in this cause and that the case was ordered set for trial at the next term of the jury court. On November 23, 1970, the appellant and his attorney appeared in open court at which time his case was set for trial for November 25, 1970. The minute entry of the court shows the following:

"Now, on this day, November 23, 1970, comes the Defendant with his attorney and files Pleas and Autrefois Convict whereupon the State by its District At-

torney denied said plea and the court heard argument of defendant in support thereof and the State contra thereto, in open court on this day, and the court after hearing and considering the same, ordered that the same be and it is hereby denied and overruled, by the court."

On the same day after the court had overruled the plea as above set out the appellant filed a further paper styled ".Plea in Bar" in which the appellant moved for a dismissal of his case based upon grounds that the indictment returned in October of 1968 was more than two years "from the date of this plea;" that he had been denied a fast and speedy trial; and that he had been denied due process of law in the long delay in the trial of his case as provided by the Fifth and Fourteenth Amendments of the Constitution. In connection with this plea the judgment entry shows as follows:

"Now comes the defendant with his attorney and filed Plea in Bar and the State by its District Attorney denied same in open court on this day and the court after hearing and considering the same, ordered that said Plea be and the same is hereby denied and overruled by the Court."

After the action of the court in overruling the above pleas filed by the appellant he then entered a plea of not guilty and not guilty by reason of insanity and the trial proceeded with the introduction of testimony, argument to the jury, charge of the court, and verdict returned by the jury as above pointed out.

■ We think the court fell into reversible error in ruling upon the plea of former conviction rather than submitting the matter on the testimony that might be offered to the jury.

In the case of Berland v. City of Birmingham, 36 Ala.App. 488, 60 So.2d 377, the Court in speaking of this type of plea said:

"When a plea is regularly interposed it is subject to either a demurrer or motion

to strike, and if neither is interposed issue must be taken on the plea. A court is without authority to overrule such plea without giving the party interposing the plea an opportunity to submit his evidence in support thereof. Coburn v. State, 151 Ala. 100, 44 So. 58; Carter v. State, 21 Ala.App. 406, 108 So. 642; Evans v. State, 24 Ala.App. 390, 135 So. 647."

In this case the State filed no motion to strike or demurrer to the plea of former conviction but apparently took issue thereon and the court, insofar as the record shows, did not submit the issue raised therein to the jury and no evidence was submitted by either the appellant or the State. The State's evidence and that of appellant noted in the record, is directed to the trial of the case on the merits.

 Insofar as the issue of a speedy trial is concerned our courts have held that in order to preserve the right it must be affirmatively shown by the defendant that demand for a trial was made and objection to postponement of the trial or some other effort to secure speedy trial on the part of the accused ordinarily must be affirmatively shown in order to entitle accused to discharge on ground of delay. Elliott v. State, 283 Ala. 67, 214 So.2d 420; Etheridge v. State, 44 Ala.App. 323, 208 So.2d 232.

It appears from the record that the rule was complied with by the court in that immediately after the demand for a speedy trial was made the case was set for the next term of criminal court. No error appears in this action of the court.

We are of the opinion that the court could not rule on the "Plea in bar" without some evidence as to the intervening situations; such as, the trial in the other cases, his confinement in Bryce Hospital, etc., and that the court committed reversible error in ruling upon these matters in the absence of sufficient evidence.

A motion to exclude the evidence was made by the appellant at the conclusion of the testimony offered by the State. We do not deem it advisable to set out the evidence in the record on this appeal in view of another trial. However, we are of the opinion the case of Martin v. State, 44 Ala.App. 395, 210 So.2d 704, can be distinguished from the facts in the case at bar.

Other matters objected to and argued by the appellant will probably not arise on another trial in this case.

For the errors heretofore indicated, the judgment in this cause is reversed and the cause remanded.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge and adopted by this court as its opinion.

Reversed and remanded.

All the Judges concur.