286 So.2d 896

**In re Charles Edward RACINE**

**v.**

**STATE of Alabama.**

**Ex parte Charles Edward Racine.**

**S.C. 587.**

Supreme Court of Alabama.

Nov. 29, 1973.

Thomas M. Haas and J. D. Quinlivan, Jr., Mobile, for appellant.

No brief for the State.

MERRILL, Justice.

The defendant was convicted of possessing marijuana and the judgment was affirmed by the Court of Criminal Appeals. His application for writ of certiorari was improvidently granted by this court on November 5, 1973. The writ is withdrawn and the application for writ of certiorari is denied.

The application for writ of certiorari charged that the opinion of the Court of Criminal Appeals dealing with the question of double jeopardy was contrary to cases in this court and followed in that court holding that when a plea of former jeopardy is regularly interposed, it is subject to either a demurrer or motion to strike, and if neither is interposed, issue must be taken on the plea; that a trial court is without authority to overrule such plea without giving the party interposing the plea an op-

portunity to submit his evidence in support thereof; and that, in the absence of a demurrer or motion to strike, the failure to submit the question to the jury is reversible error. This principle is stated and applied in Coburn v. State, 151 Ala. 100, 44 So. 58; Evans v. State, 24 Ala.App. 390, 135 So. 647; Berland v. City of Birmingham, 36 Ala.App. 488, 60 So.2d 377; Carter v. State, 43 Ala.App. 178, 184 So.2d 847, and Harmon v. State, 48 Ala.App. 521, 266 So.2d 325.

In his brief, defendant stated that there was no demurrer or motion to strike the plea of former jeopardy in the record. We accepted this statement to be true on preliminary examination and we granted the writ. Subsequently and after we had an opportunity to examine the record, we found that the statement in brief was correct. The complete discussion in the opinion of the Court of Criminal Appeals, 51 Ala.App. ——, 286 So.2d 890 on this question follows:

"Appellant's plea of autrefois acquit lacked merit. The record shows that appellant was charged with vagrancy and, at some point in the prosecution, the State moved to have the case nol prossed. Whether jeopardy had attached need not concern us. Assuming arguendo that appellant had been placed in jeopardy on the vagrancy charge, we hold that former jeopardy is not an apt defense. The law is well settled that a plea of autrefois acquit is unavailing unless the present offense is precisely the same in law and fact as the former offense. Blevins v. State, 20 Ala.App. 229, 101 So. 478, cert. denied Ex parte Blevins, 211 Ala. 615, 101 So. 482; Smith v. State, 256 Ala. 444, 55 So.2d 208.

"Vagrancy, albeit an overbroad offense, is not constituted by possession of contraband. Vagrancy and possession of marijuana are not concentric offenses but are separate and distinct breaches of criminal responsibility. Neither is a lesser included offense of the other. Tit. 14, § 437, Code of Alabama 1940."

Up to this point, it appeared that the judgment of the Court of Criminal Appeals would necessarily have to be reversed. But after an examination of the record, it became apparent that another principle, which had not been mentioned in the opinion of the Court of Criminal Appeals or in any brief, would have to be applied.

■ That principle is that the technical error in failing to submit an unattacked plea of former jeopardy to the jury is not reversible error where there was no injury to the defendant.

In Hughes v. State, 35 Ala. 351, the trial court refused to allow the defendant to file a plea of former jeopardy. In upholding the action of the trial court, it was said:

"If the court erred in refusing to permit the defendant to file his plea, it was error without injury; because the bill of exceptions affirmatively discloses—and it seems to have been conceded by the defendant—that the design of the plea was to bring forward the very matter, which, we have seen, constituted no defense. There can be no injury from the rejection of a plea, which we know could not have been sustained. * * *"

In Ex parte Spelce, 212 Ala. 559, 103 So. 705, the trial court committed a "technical error" in sustaining a demurrer to defendant's plea of former jeopardy, and this court held that the error was harmless because the records of the court showed that the plea could not be sustained and that the method of arriving at the result was not of controlling importance; but whether the result reached was correct.

In Mikell v. State, 242 Ala. 298, 5 So.2d 825, the trial court erred in submitting the plea of autrefois acquit to the jury at the same time as the plea of the general issue instead of separately. This court said:

"Upon the second ground of reversal it may well be conceded that under our decisions (Parsons v. State, 179 Ala. 23, 60 So. 864), ordinarily an issue of former jeopardy, either of acquittal or conviction, should be tried separately and in advance of the issue of 'not guilty'. But to have a reversal of a judgment of conviction there must not only appear error, but such error as is prejudicial to the substantial rights of the party. No such error here appears. * * *"

In Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284, a plea of former jeopardy was denied by the trial court and the Court of Appeals, per Harwood, J., said:

"Thus, in the present case, the very record evidence introduced by the defendant in support of his pleas of former jeopardy show that said pleas could not avail even had the issues been submitted to the jury. The result being the same regardless of the procedural methods employed, the appellant was not prejudiced in his substantial rights by the action of the court in denying the pleas without submitting them to a jury. * * *"

In Inman v. State, 39 Ala.App. 496, 104 So.2d 448, the Court of Appeals said:

"Ordinarily, an issue of former jeopardy should be tried separately and in advance of the issue of not guilty, and the issue is for the jury. Parsons v. State, 179 Ala. 23, 60 So. 864.

"However, where the evidence introduced shows without contradiction that the plea could not avail even had the issues been submitted to the jury, a defendant is not prejudiced in his substantial rights by the action of a court in denying such plea without submitting it to the jury. * * *"

Some or all of the cases cited supra are followed in the recent cases of Kilpatrick v. State, 46 Ala.App. 290, 241 So.2d 132, and Pratt v. State, 48 Ala.App. 341, 264 So.2d 571.

Applying these principles to the instant case, we are constrained to hold that any failure to demur or move to strike the plea of autrefois acquit did not result in preju-

dice to the defendant. He had been arrested and charged with vagrancy. Later, he was charged with possessing marijuana. He set up the fact that the vagrancy case had been nol prossed as the former jeopardy in the instant case.

■ A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law. Smith v. State, 256 Ala. 444, 55 So.2d 208; Rutherford v. State, 49 Ala.App. 246, 270 So.2d 678, cert. denied, 289 Ala. 751, 270 So.2d 679; 6 Ala.Dig., Criminal Law, ☞195(1).

■ Here, the plea of autrefois acquit showed on its face that the first case was a charge of vagrancy and that the next was possessing marijuana and the legal elements of these two charges are totally different.

The record also shows that the trial court heard the attorneys at the first of the trial and disposed of this plea and other preliminary questions, and entered the following order:

"This day in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorney, Thomas Haas, and the Amended Plea of Autrefois Acquit filed by the defendant the 22nd day of March, 1971, coming on to be heard and being argued by Counsel, and understood by the court; It is ordered and adjudged by the court that the Amended Plea of Autrefois Acquit filed by the defendant the 22nd day of March, 1971, be and the same is hereby denied.

"Thereupon in open court on this day, defendant's attorney, Thomas Haas, was in court."

The record shows that defendant could not have prevailed on the plea of former jeopardy.

The writ is withdrawn and now denied.

Writ denied.

HEFLIN, C. J., and COLEMAN, HARWOOD, MADDOX and FAULKNER, JJ., concur.