RICHARD L. HUNDLEY, Circuit Judge.
Defendant maintains the circuit court erred in disallowing her pleas of former jeopardy. She based these pleas on her acquittal in the City of Fairhope Recorder’s Court of a charge of petit larceny. She contends that she was prosecuted twice for a single incident of alleged shoplifting: once by the city for petit larceny and then again by the State, in the case at hand, for grand larceny.
The State filed no motion to strike or demurrer. The issue of jeopardy was not tried before the issue of guilt was tried. The trial court simply heard arguments as to the applicability of the cases of Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, and Smith v. City of Irondale, 293 Ala. 357, 303 So.2d 130, and then denied the pleas. The case was then put to the jury on the merits. They convicted.
This constitutes error as we have held in the case of Harmon v. State, 48 Ala.App. 521, 266 So.2d 325:
“We think the court fell into reversible error in ruling upon the plea of former conviction rather than submitting the matter on the testimony that might be offered to the jury.
“In the case of Berland v. City of Birmingham, 36 Ala.App. 488, 60 So.2d 377, the Court in speaking of this type of plea said:
“ ‘When a plea is regularly interposed it is subject to either a demurrer or motion to strike, and if neither is interposed issue must be taken on the plea. A court is without authority to overrule such plea without giving the party interposing the plea an opportunity to submit his evidence in support thereof. Coburn v. State, 151 Ala. 100, 44 So. 58; Carter v. State, 21 Ala.App. 406, 108 So. 642; Evans v. State, 24 Ala.App. 390, 135 So. 647.’ “In this case the State filed no motion to strike or demurrer to the plea of former conviction but apparently took issue thereon and the court, insofar as the record shows, did not submit the issue raised therein to the jury and no evidence *1142 was submitted by either the appellant or the State. The State’s evidence and that of appellant noted in the record is directed to the trial of the case on the merits.”
Substantially the same occurred below requiring reversal.
The foregoing opinion was prepared by Hon. RICHARD L. HUNDLEY, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
REVERSED AND REMANDED.
All the Judges concur.