DeCARLO, Judge.
Possession of methaqualone; four years.
Appellant was convicted of possessing methaqualone in violation of the Alabama Uniform Controlled Substances Act, § 20-2-70, Code of Alabama 1975.
While patrolling U.S. Highway 280 during the early morning hours of August 2, 1980, Dadeville Police Officers J.W. Tapley and Leonard Brand observed a 1973 Cadillac weaving back and forth across the center lane of the highway. They stopped the car and arrested the driver, Michael Dean Walls, for D.U.I. Appellant was the only other occupant and was seated in the front passenger seat.
Walls was placed in the patrol car and transported to the Dadeville Courthouse for a breath alcohol analysis (P.E.I.) test. Brand drove the Cadillac, with appellant, into Dadeville and parked it in front of City Hall, which is approximately a block from *1362 the courthouse. Appellant was informed that she could wait inside City Hall until the P.E.I. test was administered to Walls. She got out of the car, taking her purse, and locked the door on the passenger side. Brand locked the door on the driver’s side.
According to Brand, upon entering the Cadillac he had observed a pistol on the floorboard of the driver’s seat and a shotgun in the back seat. After picking up a third officer to administer the P.E.I. test, Brand returned to the Cadillac to remove the weapons. The dash and interior lights came on when he unlocked and opened the door on the driver’s side. When he leaned down to retrieve the pistol, Brand observed a clear plastic bag protruding from underneath the passenger seat. The bag contained green vegetable material and was partially inside another bag resembling a cosmetic bag or a man’s shaving kit. (The court instructed the attorneys and witnesses to refer to this second bag as merely “State’s Exhibit 1,” which we have done in this opinion.)
Brand picked up the clear plastic bag which came out of State’s Exhibit 1 bag, along with some money. The State’s Exhibit 1 bag had a spring-type opening and, after the clear plastic bag and the money were retrieved, it snapped closed. Brand then opened State’s Exhibit 1 bag which contained two bags of pills and “some paraphernalia which is used in conjunction with marijuana.” Both appellant and Walls denied ownership of the State’s Exhibit 1 bag.
Brand stated that he turned the State’s Exhibit 1 bag and its contents over to Investigator David Berry, who delivered them to the Department of Forensic Sciences in Auburn. Taylor Nogel, a forensic drug analyst, testified that tests performed on two of the 198 pills in State’s Exhibit 1 bag revealed that the tablets contained metha-qualone, a controlled substance.
Ronnie Thomas testified that around 10:00 P.M. of August 1, 1980, he saw appellant and her cousin, Mike Branch, at the access area close to a local marina. Appellant had a small bag in her hand which Thomas said looked “something like” the State’s Exhibit 1 bag, but that he could not be sure because there was no lighting at the access area.
Appellant’s cousin, Michael Branch, stated he had never seen State’s Exhibit 1 in appellant’s possession, nor in anyone’s possession. Branch said on the night in question he introduced appellant to Mike Walls at the Exit Inn and appellant left with Walls and he (Branch) left in appellant’s car.
Walls testified on rebuttal for the State that he was currently serving a sentence for violation of the controlled substances act. He stated that Branch had introduced him to appellant and that the State’s Exhibit 1 bag did not belong to him. On cross-examination, he acknowledged that he had purchased the 1973 Cadillac the afternoon of August 1, 1980.
I
Appellant challenges the search of the Cadillac and asserts that the elements required to support a plain view search were not present.
Appellant asserted neither a property nor possessory interest in the Cadillac, nor an interest in the State’s Exhibit 1 bag. Therefore, appellant has failed to establish her standing to challenge the search. Rakas v. Illinois, 439 U.S. 128, 148, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978); McCraney v. State, 381 So.2d 102, 105 (Ala.Cr.App.1980).
II
Appellant contends the evidence was insufficient to support her conviction and the trial court erred in overruling her motion to exclude.
As Judge Bowen, writing for this court, stated:
“In reviewing the sufficiency of the evidence the appellate courts of this State are bound by several well settled rules. It is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt and to a moral *1363 certainty. Instead, the function of this Court is to determine whether there is legal evidence from which a jury could by fair inference find the defendant guilty. “In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State and accord the State all legitimate inferences therefrom. The evidence must be considered in the light most favorable to the prosecution. “Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this Court has no right to disturb the verdict. A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust.” [Citations omitted] Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.1979), cert. denied, 378 So.2d 1173 (Ala.1979).
A prima facie case of possession of a prohibited drug or substance must show constructive possession by the accused of a controlled substance plus knowledge on his part of the presence of the narcotic. Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.1981); Roberts v. State, 349 So.2d 89 (Ala.Cr.App.1977), cert. denied, 349 So.2d 94 (Ala.1977). Constructive possession of a narcotic requires proof beyond a reasonable doubt that the defendant had knowledge of the drug’s presence, Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978), which may be established by the surrounding facts and circumstances, McCord v. State, 373 So.2d 1242 (Ala.Cr.App.1979).
While the defendant’s mere presence in an automobile where illicit drugs are found will not support a conviction for possession, unlawful possession may be inferred when his presence is coupled with the existence of additional evidentiary factors. Reed v. State, 368 So.2d 326, 328 (Ala.Cr.App.1979). The defendant’s proximity to the drugs is an evidentiary factor which may be considered. Reed, supra; 57 A.L.R.2d 1319, 1329 (1974).
In the present case, the tablets containing methaqualone were found underneath the appellant’s seat. Thomas testified that when he saw appellant earlier in the evening, she had the bag in which the tablets were found. Constructive possession and knowledge of the presence of the drug could be inferred from this evidence.
The evidence in this case raised a question of fact for the jury which, if believed, is sufficient to support the conviction. Therefore, the trial court properly overruled appellant’s motion to exclude. Roberts v. State, supra.
HI
Appellant asserts that the trial court “should have granted a mistrial or otherwise should have instructed the jury to disregard” the following statements contained in the assistant district attorney’s closing argument:
“Everyone of you know the most serious problem we have right now is drugs—

“We have a good community down here, you all probably lived here longer than I have, but I don’t want this kind of stuff going on down here, and I don’t believe you do.”
Appellant objected without specifying any grounds, and moved for a mistrial. In each instance, the motion for mistrial was denied. However, no ruling was sought or obtained on the objection, nor was a motion made to exclude or for curative instructions.
The granting of a mistrial is within the sound discretion of the trial judge and his decision will not be disturbed on appeal unless a clear abuse of discretion is shown. Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Diamond v. State, 363 So.2d 109 (Ala.Cr.App.1978); Napier v. State, 337 So.2d 62 (Ala.Cr.App.1976). No abuse of discretion was shown in this case.
In the absence of a request for a curative instruction, and an objection to the court’s *1364 failure to give such an instruction, the issue is not properly preserved for review. Aplin v. State, [Ms. 4 Div. 893, August 24, 1982] 421 So.2d 1299 (Ala.Cr.App.1982); Yates v. State, 390 So.2d 32 (Ala.Cr.App.1980); Robinson v. State, 389 So.2d 144 (Ala.Cr.App.1980), cert. denied, 389 So.2d 151 (Ala.1980). Moreover, both remarks were permissible and therefore required no curative instruction by the trial court ex mero motu. See Aplin, supra; Moberg v. State, 385 So.2d 74 (Ala.Cr.App.1980); Chatom v. State, 360 So.2d 1068 (Ala.Cr.App.1978), cert. denied, 360 So.2d 1074 (Ala.1978).
IV
Appellant contends that the trial court committed reversible error in denying her motion of autrefois convict without a hearing and without the State having filed a demurrer thereto. This motion was filed in open court on the date of trial.
Ordinarily, a court may not overrule a motion of autrefois convict, or plea of former jeopardy, without allowing the party an opportunity to submit supporting evidence. Berland v. City of Birmingham, 36 Ala.App. 488, 60 So.2d 377 (1952), cert. denied, 257 Ala. 571, 60 So.2d 378 (1952). An accused is entitled to a jury trial on the issues of fact raised by the plea and the issue of former jeopardy should be submitted for the jury’s determination before submission of the issue of guilt. Kilpatrick v. State, 46 Ala.App. 290, 241 So.2d 132 (1970); Carter v. State, 43 Ala.App. 178,184 So.2d 847 (1966); Inman v. State, 39 Ala. App. 496, 104 So.2d 448 (1958); Evans v. State, 24 Ala.App. 390, 135 So. 647 (1931).
Where the issue presented by the plea is a question of law only, however, there is no need to submit that issue to a jury. Duncan v. City of Birmingham, 384 So.2d 1232 (Ala.Cr.App.1980); Billups v. City of Birmingham, 367 So.2d 518 (Ala.Cr.App.1978), writ quashed, 367 So.2d 524 (Ala.1979). The determination of this issue is within the province of the trial judge. In other areas involving questions of law, such as evidentiary matters, trial judges may rule without a hearing. Therefore, where a plea of former jeopardy presents on its face only questions of law, a hearing is not required.
Appellant’s motion affirmatively stated: (1) that appellant had previously been convicted of trafficking, which conviction was based on the same circumstances as those underlying the present charge and (2) that a mistrial had been declared in an earlier trial of the present charge. Attached to appellant’s motion as Exhibit B was a certified copy of the order pronouncing sentence on appellant’s conviction for trafficking in marijuana. Also attached to the motion as Exhibit A was a certified copy of a portion of the case action summary showing that a mistrial was declared in an earlier trial of the charge in this case because the jury, after hearing the evidence and oral charge, was hopelessly deadlocked.
Appellant’s motion therefore presented on its face only two questions: (1) whether a conviction for trafficking in marijuana will bar a subsequent prosecution for possession of methaqualone when both charges arose from the same circumstances and (2) whether a mistrial because of a hopelessly deadlocked jury will bar a subsequent prosecution for the same offense. These were questions of law which could be decided by the trial judge without a hearing. Because both questions were due to be decided adversely to appellant, the trial court properly denied appellant’s motion.
It is well established that:
“[A] plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and on fact as the former one relied on under the plea, and this is true even if both cases are founded on the same facts, but the crimes charged were not the same in law.” Daniels v. State, 375 So.2d 523, (Ala.Cr. App.1979), and cases cited therein.
Crimes are not the same in law if an additional fact must be proved in one trial which is not required in the other trial, even though it may be necessary to prove the same acts in both. Hattaway v. United *1365 States, 399 F.2d 431 (5th Cir.1968). Trafficking in marijuana is not the same offense as possession of methaqualone. ' Not only are the controlled substances in each charge different, therefore requiring different proof, Green v. State, 389 So.2d 537, 539 (Ala.Cr.App.1980), cert. denied, 389 So.2d 541 (Ala.1980), but proof of trafficking is clearly different from that required for mere possession.
Moreover, a mistrial due to the failure of a jury to agree on a verdict will not support a plea of former jeopardy. Clements v. State, 390 So.2d 1131 (Ala.Cr.App.1980), cert. denied, 390 So.2d 1136 (Ala.1980); Parker v. State, 51 Ala.App. 362, 285 So.2d 526 (1973); See § 12-16-233, Code of Alabama 1975.
Further:
“Where the evidence introduced shows without contradiction that the plea could not avail even had the issues been submitted to the jury, a defendant is not prejudiced in his substantial rights by the action of a court in- denying such plea without submitting it to a jury.” Inman v. State, 39 Ala.App. 496, 104 So.2d 448 (1958).
As we have demonstrated, appellant’s motion would have availed her nothing had there been a hearing. Therefore, appellant’s rights were not prejudiced requiring reversal. Mikell v. State, 242 Ala. 298, 5 So.2d 825 (1941).
Additionally, appellant made no objection to proceeding without a hearing on the motion. Her complaint that she was not afforded a hearing, being made for the first time on appeal, comes too late. Cf. Slatton v. State, 49 Ala.App. 377, 272 So.2d 586 (1973) (where defendant who filed a plea of former jeopardy which was not tried to a jury failed to object at trial, his complaint on appeal was too late.)
For the reasons stated, the judgment of the Tallapoosa Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.