TYSON, Judge.
Charles Sales was originally indicted for theft in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found the appellant guilty as charged in the indictment and he was sentenced to 15 years’ imprisonment as a habitual felony offender.
On appeal, this court affirmed this appellant’s conviction without opinion. 447 So.2d 873. The Alabama Supreme Court granted certiorari to determine whether the trial judge had committed reversible error by failing to consider the appellant’s plea of former jeopardy. In order to determine whether the trial judge did err in his consideration of the pleas of former jeopardy, the Supreme Court now remands this appellant’s case to this court to determine if the appellant’s pleas of former jeopardy *1256 are meritorious. See Ex Parte Sales, 460 So.2d 1252 (Ala.1984).
The facts of this case are set out in the Supreme Court’s opinion in footnote one and we, therefore, find it unnecessary to restate such facts.
T
Before the trial of this case, the appellant was convicted in Municipal Court of menacing (in violation of § 13A-6-23, Code of Alabama 1975), criminal mischief in the third degree (in violation of § 13A-7-23, Code of Alabama 1975) and criminal trespass in the third degree (in violation of § 13A-7-4, Code of Alabama 1975). Each of these three convictions arose out of the same fact situation as the appellant’s conviction which is now before this court.
While the Double Jeopardy Clause of the United States Constitution prevents a person from being prosecuted twice for the same offense, it does not prohibit one from being prosecuted for different offenses which arise out of the same transaction. The test to be applied to determine if the Double Jeopardy Clause was violated in this case and the question before us is whether the appellant’s convictions for criminal trespass, criminal mischief and menacing are “precisely the same in law and fact” as the appellant’s theft conviction now before this court. Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973). (Emphasis added).
“§ 13A-8-4. Theft of property in the second degree.
“(e) The theft of property which exceeds $25.00 in value, aná which is taken from or in a building where said property is sold or stored, constitutes theft of property in the second degree.”
“§ 13A-6-23. Menacing.
“(a) A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.”
“§ 13A-7-23. Criminal mischief in the third degree.
“(a) A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00.”
“§ 13A-7-4. Criminal trespass in the third degree.
“(a) A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.”
The key to our determination is whether each of these offenses require proof of a fact which is not required for the other offenses. Brown v. State of Alabama, 619 F.2d 376 (5th Cir.1980); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The essential element of theft of property in the second degree is knowingly obtaining or exerting unauthorized control over the property of another with the intent to deprive the owner of possession of that property. There is no requirement that this element be proved for one to be convicted of menacing, criminal mischief in the third degree or criminal trespass in the third degree.
It is not necessary to prove that a defendant placed the owner of the property or anyone else in fear of imminent physical injury to sustain a conviction for theft in the second degree. Thus, theft in the second degree and menacing are separate and distinct offenses.
Damage to the property taken is not an element of theft in the second degree. Thus, criminal mischief and theft in the second degree are separate and distinct offenses.
Likewise, there is no need to prove that a person has unlawfully entered or remained on premises when he took the property. Clearly, criminal trespass and theft in the second degree are separate and distinct offenses. Racine, supra.
Therefore, even though the appellant was entitled.to be heard on his pleas of *1257 former jeopardy, this court finds those pleas to be wholly without merit.
For the reasons stated above, this ease is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.