227 So.2d 805

**Caliph WASHINGTON**

v.

**STATE.**

**6 Div. 66.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1969.

Orzell Billingsley, Jr., Birmingham, C. H. Erskine Smith, Birmingham, Charles Morgan, Jr., Reber F. Boult, Jr., Atlanta, Ga., and David Hood, Jr., Bessemer, and Robert L. Carter, New York City, of counsel, for petitioner.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The petitioner, Caliph Washington, was indicted in September, 1957. He was convicted of the crime of murder and was sentenced to death. The conviction was reversed February 12, 1959, in Washington v. State, 269 Ala. 146, 112 So.2d 179. He was retried, again convicted and sentenced to death on December 9, 1959. The conviction was affirmed in Washington v. State, 274 Ala. 386, 148 So.2d 206.

Petition for writ of habeas corpus was filed in the United States District Court and

was granted. Washington v. Holman, D. C., 245 F.Supp. 116. The writ was granted for two reasons; that the doctrine in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, was to have retroactive application, and that the trial court erred in permitting the testimony of Furman Jones, a witness in the first trial, to be read into evidence in the second trial without the laying of a proper predicate. On appeal to the United States Circuit Court of Appeals for the Fifth Circuit, the ruling that the trial court erred in permitting the testimony of Furman Jones to be read into evidence was affirmed, but of course, Escobedo was not retroactive. Holman v. Washington, 5 Cir., 364 F.2d 618.

On October 8, 1968, a petition for writ of habeas corpus was filed in the Circuit Court of Jefferson County, Alabama, Bessemer Division, in which petitioner requested his discharge. This petition was heard on November 11, 1968, and denied.

At the habeas corpus hearing the Clerk of the Circuit Court, Jefferson County, Bessemer Division, testified the case was set for trial June 17, 1968; that he did not know whether or not petitioner had an attorney at that time; that no attorney came to see him between the time Caliph Washington was re-arrested upon his release by the Federal Court until present counsel filed petition for habeas corpus; that he has held his position as Circuit Clerk for sixteen years and that no request for a trial has been made by petitioner or by anyone on his behalf.

The witness answered on cross examination that to his knowledge the court had not appointed an attorney for petitioner from the time of the order of the United States Court of Appeals in 1966 until the habeas corpus hearing.

The judgment of the court, in pertinent part recites:

"3. That at the time of the proceeding in the United States District Court of Appeals the petitioner here was rep-resented by Morel Montgomery, Esq., and Fred Blanton, Esq., both of whom are licensed practicing attorneys of the State of Alabama; and in the instant proceedings in this court, the petitioner is represented by Orzell Billingsley, Jr., Esq., David H. Hood, Esq., Erskine Smith, Esq., and Charles Morgan, Jr., Esq., all of whom are practicing attorneys.

"It is therefore, the opinion of the Court that the petitioner has not been indigent since the original proceedings in the United States District Court for the Middle District of Alabama.

"4. That even though the petitioner has had all of the aforementioned counsel available to him since August of 1966, it appears without dispute that the petitioner has made no effort and had made no formal request or motion for an earlier setting of his case.

"5. That it is further without dispute that the case was set for trial June 10, 1968, and that the District Attorney made several efforts to secure the identity of any attorney or attorneys who represented the defendant and was unsuccessful in getting that information from the family of the defendant."

In Hampton v. State of Oklahoma, D. C., 267 F.Supp. 667 (1967), the court said:

"The failure of a defendant to demand an earlier trial is fatal to his request for discharge under habeas corpus, made either by a defendant convicted in State Court or by a defendant convicted in Federal Court. * * * The rule in the federal courts is to the effect that an accused is not entitled to a discharge for delay in bringing him to trial unless it appears that he has resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the State accorded him. It is, therefore, ordinarily deemed that a defendant, in the absence of such effort, has waived his right to a speedy trial under

the Constitution and statutes in aid thereof. 57 A.L.R.2d 302 at page 326."

In Hampton v. State of Oklahoma, 368 F.2d 9 (10 Cir. 1966), the court said:

"Mere passage of time does not establish an unconstitutional denial of a speedy trial or due process. * * * nor can a defendant sit by without effort to obtain an earlier trial or himself contribute to the delay and thereafter be heard to complain."

The Alabama Supreme Court has said that ordinarily a demand for a trial or objection to postponement of trial, or some other effort to secure a speedy trial on the part of the accused must be affirmatively shown to entitle him to a discharge on the ground of delay.

The only question here is whether defendant has been denied a speedy trial and there is no claim that petitioner or anyone on his behalf has made a request for a speedy trial.

We are of opinion the trial court's conclusion that the petitioner was not entitled to discharge on habeas corpus is correct. The order appealed from is affirmed.

Affirmed.