285 So.2d 507

**Harold MAYBERRY, alias**

v.

**STATE.**

**6 Div. 193.**

Court of Criminal Appeals of Alabama.

Nov. 21, 1972.

On Rehearing Jan. 23, 1973.

Second Rehearing Denied Sept. 28, 1973.

Barnett, Tingle & Noble, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant here seeks a review of a judgment entered pursuant to a jury verdict which found him guilty of robbing one John T. Tutwiler of $28,173.00. The jury fixed his punishment at twenty-eight years imprisonment in the penitentiary. The trial court imposed punishment consonant with the verdict.

The indictment, the basis of the verdict and judgment, was returned in open court and filed with the circuit clerk on August 30, 1968. Warrant for the arrest of defendant under the indictment was issued on September 3, 1968. There is no return of the sheriff on the warrant of arrest. The record does show that on January 14, 1970, the defendant was under arrest in Walker County where he was surrendered to the Sheriff of Jefferson County pursuant to an order of the Circuit Court of Jefferson County. Defendant was thereupon transferred under arrest to Jefferson County.

After considerable and lengthy discussion relative to a continuance, the trial judge offered to continue the case for a week so as to give defendant more time to prepare for his trial. The defendant declined this offer. He then stated to the court without reservation that he was ready for trial. The defendant in person participated in this discussion. The trial began on May 26, 1970.

Before the trial began, the court considered and overruled defendant's motion to dismiss the indictment and discharge the defendant. The ground of the motion, there and here, argued is that movant was denied his constitutional right to a fair and speedy trial. The motion for dismissal was filed on May 26, 1969, by an attorney representing defendant.

The record shows that the motion, supra, to dismiss, without prior presentation, was presented to the court on May 25, 1970, at which time it was overruled. Prior to its presentation the motion was not made known to the court. Honorable William T. Kominos, appointed counsel, appears in the motion as attorney for defendant.

Defendant asserts in his motion to dismiss, supra, that he was arrested and charged with the offense of robbery on March 24, 1967. More than two years elapsed between the alleged commission of the offense on March 17, 1967, and the filing of the motion to dismiss. As we have noted, the motion was not presented to the trial court nor was he otherwise informed that the motion was filed until May 25, 1970. The motion does not contain any request for trial.

The right to a speedy trial, guaranteed by the Sixth Amendment to the Constitution of the United States, does not arise until there has been an indictment. The applicable statute of limitations is controlling as to the time within which an indictment must be returned. Bruce v. United States, 5 Cir., 351 F.2d 318. There is no law in Alabama authorizing an offense of this nature to be prosecuted to a final conclusion on information. Neither is there any statute of limitations fixing a

limit on the return of an indictment for robbery.

◼ The constitutional right of appellant to a speedy trial began on August 30, 1968, the date the indictment was returned in open court. The trial began on May 25, 1970. The defendant stated in August, 1968, when the indictment was returned, he was doing a two year sentence in the penitentiary of Alabama. (Nowhere in the record does there appear any request or demand for a speedy trial. Defendant must affirmatively exercise his right.) Autrey v. State, 44 Ala.App. 53, 202 So.2d 88, cert. denied 390 U.S. 1030, 88 S.Ct. 1422, 20 L.Ed.2d 287; Bruce v. United States, supra; Washington v. State, 45 Ala.App. 173, 227 So.2d 805; Worthington v. United States, 7 Cir., 1 F.2d 154; Eldridge v. State, 44 Ala.App. 323, 208 So.2d 232; Baggett v. State, 45 Ala.App. 320, 229 So.2d 819; Scott v. State, 45 Ala.App. 149, 227 So.2d 436.

Appellant, through his counsel appointed by the trial court to prosecute this appeal, in an elaborate and extended brief showing much diligence and effort, cites Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L. Ed.2d 26 (1970) as supporting his contention that his constitutional right to a speedy trial was violated. It appears in this case that Dickey made diligent and repeated efforts by motion in the state court in 1962, 1963 and 1966 to secure a prompt trial. Appellant in the instant case made no effort by motion or otherwise to obtain a prompt trial. In a lengthy and comprehensive addendum to the main opinion that concluded with a reversal and remand of the cause, there appears an extended discussion of a defendant's constitutional right to a speedy trial. The addendum was quite informative and interesting, but no part of the main opinion preceding the reversal and remand was disturbed. The concluding paragraph of the addendum reads:

"These comments provide no definitive answers. I make them only to indicate that many—if not most—of the basic questions about the scope and context of the speedy-trial guarantee remain to be resolved. Arguments of some force can be made that the guarantee attaches as soon as the government decides to prosecute and has sufficient evidence for arrest or indictment; similar arguments exist that an accused does not lose his right to a speedy trial by silence or inaction, that governmental delay that might reasonably have been avoided is unjustifiable, and that prejudice ceases to be an issue in speedy-trial cases once the delay has been sufficiently long to raise a probability of substantial prejudice. Insofar as these arguments are meritorious, they suggest that the speedy-trial guarantee should receive a more hospitable interpretation than it has yet been accorded."

◼ We adhere to our pronouncements in the cases, supra, that the defendant, before he can assert relief, must make affirmative efforts to procure a trial before he can complain that his constitutional right to a speedy trial was violated. This, defendant did not do. Defendant's motion to dismiss the prosecution was properly denied by the trial judge.

At the conclusion of the State's re-cross examination of defendant's witnesses a lengthy colloquy took place between the trial judge, the defendant in person and his counsel. The colloquy related to the production of a witness for defendant, an attorney, to testify as to the dismissal of federal charges against the defendant for the same robbery here involved. A resume of this prolonged discussion, outside the hearing of the jury, would serve no useful purpose. The discussion as reported covered twenty-five pages of transcript paper. The trial judge throughout the trial exhibited remarkable patience in listening to the defendant who would often bypass his attorney and present his own argument. The transcript reveals that the defendant remarked, "I believe the courts realize I am

not guilty in this case;" to which the trial judge replied, "I don't realize that you are not guilty. I think you are as guilty as sin. If you want that in the record it will certainly show it."

On a hearing of defendant's motion for a new trial the defendant in person in the presence of counsel who represents him on this appeal, moved the trial judge to recuse himself from hearing the motion. Defendant contended that the trial judge was prejudiced and cited the aforequoted remarks by the judge stating that he thought the defendant was "guilty as sin." The court overruled the motion for recusal. The defendant here complains that the action of the court was error.

■ We do not think there was error in the judge's refusal to recuse himself as moved by the defendant. In the first place the defendant charged the court with realizing that he was not guilty. The accusation invited the court's reply that was adverse to the defendant's contention. The evidence was all taken and the jury was not in the room. The judge was entitled to his own personal opinion as to the guilt or innocence of the defendant. He has no right, however, to communicate this opinion to the jury. It would be very difficult to exclude from the mind of the trial judge an opinion as to the guilt or innocence of a defendant. In such instance, every trial judge who had formed an opinion of guilt would have to recuse himself from sitting in judgment on a motion for a new trial. This would be true even though he not once communicated the opinion to anyone. The defendant might invoke disclosure on the part of the trial judge. No trial judge can shut his mind to the evidence as the trial progresses. He must listen in order to rule intelligently. The evidence he hears often makes an impression on the trial judge one way or the other. However, an impression of guilty would not necessarily bias him in passing judgment on the motion.

We think the reply to the defendant resulted in no prejudice to the defendant so as to warrant a reversal of the judgment here on appeal.

A final contention of appellant is that the trial court failed to instruct the jury in its oral charge that defendant was not required to testify in his own behalf and that such failure should not in any manner be construed against him.

■■ Such omission is not the subject of review; only rulings of the court are subject to appellate review. Patterson v. State, 34 Ala.App. 359, 39 So.2d 709. It does not appear that a ruling of the trial court was invoked by the defendant.

We hold that the trial of appellant was free of prejudicial error and was conducted by the trial court with utmost care and consideration of defendant's rights. The judgment appealed from is affirmed.

Affirmed.

All the Judges concur.

## ON REHEARING

■ Since appellant's judgment of conviction in the lower court and his appeal therefrom to this Court on August 14, 1970, the United States Supreme Court has rendered Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, wherein a defendant's constitutional right to a speedy trial on a criminal charge is broadly treated and discussed. The pronouncements therein have application to the issue of a speedy trial present in the instant case. Barker v. Wingo, supra, should be considered along with United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468, decided December 20, 1971, in determining application of the speedy trial provision of Amendment 6 to the Constitution of the United States. Amendment 6 is imposed by the Due Process Clause of the Fourteenth Amendment on the States. Barker

v. Wingo, supra, and cases cited. Amendment 6 applies to the instant case.

■ Barker v. Wingo, supra, impresses certain guidelines for judicial use in determining the deprivation vel non of a defendant's right to a speedy trial. The trial court on remandment as herein ordered will vacate the order overruling defendant's motion to dismiss the prosecution. It will also permit further pleadings by the parties, if desired, to present fully the issue vel non of such alleged deprivation.

The court will try the issues raised by the pleadings without the aid of a jury to determine whether defendant has been deprived of his constitutional right to a speedy trial in violation of Amendment 6 to the Constitution of the United States.

The trial court will follow the United States Supreme Court's pronouncements in Barker v. Wingo and United States v. Marion, supra, in the admission of evidence and in reaching a conclusion and ruling as hereinafter directed. Development of the issue may embrace a wide range of evidence, including the date of defendant's first arrest on the charge for which he was subsequently indicted and convicted, and his whereabouts after the first arrest. All evidence should be admitted which falls within the factors of the Supreme Court cases, supra, and sheds any light on the issue. We will not here define the guidelines and the factors to be considered but we do point to the two cases, supra, as providing a beacon light for the trial court to follow.

The trial court is further instructed that this hearing be conducted as speedily as possible, that a full record be made thereof, together with the court's conclusion from the evidence adduced, plus a ruling on the motion or pleadings which assert defendant's contention that he did not have a speedy trial. A transcript of these proceedings, including the evidence, under the seal of the clerk, will be forwarded to this Court for review.

This Court at this time neither denies nor grants appellant's motion for a rehearing but holds the same in status quo pending further hearing below and in this court of defendant's contention that he has been denied a speedy trial.

The judgment in this cause is hereby remanded with directions.

Remanded with directions.

All the Judges concur.

## ON SECOND REHEARING

■ We amend our original opinion, after remandment to the lower court, by deleting therefrom the pronouncement:

"The right to a speedy trial, guaranteed by the Sixth Amendment to the Constitution of the United States, does not arise until there has been an indictment."

This right under certain circumstances could attach at an earlier date. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; Barker v. Wingo, 404 U.S. 1037, 92 S.Ct. 2182, 33 L.Ed.2d 101.

In the light of (1) the issue of a speedy trial as framed by the original and amended pleadings filed after remandment, (2) the evidence orally adduced before the trial court on such issue, and (3) the court's findings thereon, we think the application for rehearing should be and it is overruled.

Application for rehearing overruled.

All the Judges concur.