289 So.2d 673

**Coleman GILES, Jr.**

v.

**STATE.**

**6 Div. 561.**

Court of Criminal Appeals of Alabama.
Jan. 29, 1974.

------◆------

Sloan Y. Bashinsky, II, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, an indigent here and below, was tried by a jury and convicted of robbery with punishment at twenty years in the penitentiary. He was represented in the lower court by appointed counsel, and likewise is so represented on this appeal.

The robbery occurred about 1:00 A.M., July 11, 1971. Police officers were promptly notified, and immediately began an investigation to ascertain the guilty party or parties. The defendant was apprehended and detained as a suspect. He was placed in a line-up on Monday, July 12, 1971. The injured party, one Ralph Plyler, viewed the defendant along with six others in the line-up and identified the defendant as one of the parties who robbed him. He also identified the defendant in court at the trial.

A grand jury of Jefferson County returned a lawful indictment for robbery against the defendant on September 3, 1971. He remained in jail, unable to make bond, until his trial began on September 28, 1972, at which time he was convicted by a jury.

We see nothing illegal or prejudicial to appellant with respect to the line-up. The trial judge heard the evidence ore tenus

and overruled defendant's motion to suppress.

It is true that the defendant at that time, when the line-up was initiated, was without counsel either by employment or appointment. It does not appear that he asked for legal assistance.

■ The record indicates this confrontation or line-up occurred before the defendant had been indicted or otherwise formally charged with the robbery. Defendant was not entitled to counsel at that time. Ratcliff v. State, 49 Ala.App. 77, 268 So.2d 858, cert. den., 289 Ala. 750, 268 So.2d 859 (1972); Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

The motion to suppress was without merit and the ruling of the trial court overruling same was free of error.

■ Another point here presented was defendant's oral motion in the trial court to be discharged because he was not given a speedy trial as mandated by Amendment VI of the Constitution of the United States, and by § 6 of the 1901 Constitution of Alabama.

The Supreme Court of the United States in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, observed in a speedy trial issue as follows:

"We, therefore, reject both of the inflexible approaches—the fixed time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which we have deemed fundamental. The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.

"A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

We adverted to the Barker v. Wingo case, supra, in Prince v. State, 50 Ala.App. 368, 279 So.2d 539. We now advert to the factors, supra, in their application to the instant case.

(1) The length of the delay was approximately twelve months after indictment. Under some circumstances, not here obtaining, the delay could embrace a period preceding the indictment. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468; Barker v. Wingo, supra; Mayberry v. State, 51 Ala.App. 343, 285 So.2d 507, cert. den., 291 Ala. 792, 285 So.2d 512.

(2) In assessing the cause of delay, the trial court was informed by the victim's testimony that he had just gotten out of the service before appearing as a witness.

■ The trial court took judicial knowledge of its own records and entries with respect to continuances, and of other written data in the circuit court affecting the delay. This appellate court takes judicial knowledge of its own but not of the circuit court's records. Such judicial knowledge in a trial court is a matter of evidence. Statham v. Statham, 282 Ala. 322, 211 So. 2d 456.

Since the trial court had the advantage of its own records as evidence, and since such are not lawfully before this court because not reflected by the record, we are unwilling to say that the delay was unreasonable and devoid of valid reason therefor.

(3) Nowhere in the record does it appear that the defendant asserted or pressed his right to trial. He was content to file a

written motion on August 25, 1972, to dismiss the indictment for want of prosecution (one month and three days before trial), but aught appearing it was not presented to the trial court for consideration.

(4) We are unable to say, from the record before us, that the defendant suffered any prejudice from this delay. It appears that Officer Painter, who arranged the line-up, died and his evidence with respect to the line-up was, of course, not available. What he would have testified is speculation and, for aught appearing, would not have aided the defendant's defense.

We note here that the defendant did not testify and preserved his right not to do so.

Considering all the circumstances and the record before us, we are unwilling to say that the oral motion of the defendant during the trial to be discharged because he had not obtained a speedy trial had any merit. This oral motion was made after the state rested its case. The trial court was free of error in denying the motion.

We have searched the record for errors as mandated by Title 15, § 389, Recompiled Code 1958. Our search did not reveal any prejudicial error on the part of the trial court.

There was no motion for a new trial. We think the evidence was ample to sustain the jury's verdict of guilt and the fixation of punishment. The judgment is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945; as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.