HARRIS, Judge.
Appellant was convicted of the offense of selling marihuana and sentenced to a term of five years in the penitentiary. At arraignment he pleaded not guilty in the presence of his attorney. After sentence was imposed, he gave notice of appeal and his sentence was suspended pending appeal. He was found to be indigent and a free transcript was furnished him and trial counsel represents him on this appeal.
The evidence presented by the State is not disputed. Appellant did not testify nor did he offer any evidence in his behalf.
The testimony for the State tended to show that around 9:00 p. m. on April 30, 1975, appellant was observed by Police Officer Michael Farrior in front of the Jeff Davis Seafood Store selling something in brown paper bags in exchange for $5.00. The officer was an undercover agent on this assignment and was standing within six feet of appellant when he made three sales over a 30 minute period of time. The officer was familiar with the street language used to describe drug dealings and heard one person tell appellant he wanted a “nickel bag” and saw appellant get a paper sack from behind a loose concrete block or brick in the wall of the store and take out a small bag and hand it to the person in exchange for $5.00. After watching appellant make three such sales the officer grabbed appellant and told him he was a police officer and they started to struggle. Other police officers were stationed at different locations where they could watch Officer Farri- or. Just before the officer and appellant began to struggle Officer Farrior removed his hat from his head and stuck it in his back pocket. This was a prearranged signal for the other officers to move in. While Farrior and appellant were struggling, Far-rior saw an unknown black approach the place in the wall where appellant had the paper bag hidden. Farrior released appellant and went to the wall and removed the paper bag which contained nine smaller bags.. About this time one of the other officers grabbed appellant and he was finally subdued, arrested and transported to police headquarters.
Farrior turned the bag over to another officer who put it under lock and key until he delivered it to Thomas J. Hopen of the State Department of Toxicology. Mr. Ho-pen, whose qualifications were admitted by the defense, testified that he examined some of the material from the nine small bags and also a part of two cigarettes removed from appellant’s pockets at the time of his arrest and found all contained marihuana. There was no missing link in the possession of the marihuana from the time it was removed from the brick wall until it was brought to court by the Toxicologist. The marihuana was admitted into evidence without objection.
After the State rested, appellant made a motion to exclude the State’s evidence on the ground it had failed to prove a prima facie case. This motion was overruled. He made a request for the affirmative charge and this was refused. He made a motion for a new trial but no evidence was offered in support thereof and the motion was denied.
Appellant was caught “red handed” committing a felony in the presence of an officer who had authority to arrest him without a warrant. Title 15, Section 154, Code of Alabama 1940.
Where the evidence raises a question of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State’s evidence, the refusal to give the affirmative charge and overruling the motion for a new trial, do not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except CATES, P. J., not sitting.