SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was indicted on June 11, 1975, for robbery. Represented here and at nisi prius by appointed counsel, he entered a plea of not guilty. A jury convicted him as charged and fixed his punishment at ten years 'imprisonment.
The indictment, dated June 11, 1975, was in code form that appears in T. 15, § 259(95), Code of Alabama, Recompiled 1958. Trial on the merits was begun on April 19, 1977.
On the same date, April 19,1977, the jury returned its verdict of guilty and a judgment pursuant to the verdict was duly entered.
Prior to the arraignment and plea of not guilty, defendant moved to quash the indictment. The court heard the motion and overruled it. This ruling is asserted as error.
The motion to quash, challenged the indictment because: (1) it was silent as to the date of the alleged offense; and (2) it does not state where the offense was supposed to have occurred.
Appellant asserts in his argument that the silence as to the time and place, supra, denies him due process guaranteed under the Fourteenth Amendment to the Constitution of the United States; and, in Section 6, Article 1, of the Constitution of Alabama, 1901.
The Supreme Court of Alabama, in Billingslea v. State, 68 Ala. 486 (1880), refer *677 ring to a first degree murder indictment in the form prescribed by statute (now T. 15, § 259(79)) observed:
“It has been held more than once by this court, that the form of indictment for murder, as prescribed by the Code (p. 991), is sufficiently certain and definite, and is not violative of any provision of the constitution, State or Federal. We are satisfied with the conclusions reached on this subject by our predecessors in Aikin v. The State, 35 Ala. 399, and Noles v. The State, 24 Ala. 672, holding the form in question to be sufficient. The demurrer to the indictment was properly overruled, under the authority of these cases.”
In Harris v. State, 44 Ala.App. 449, 212 So.2d 695(2, 3), cert. den. 282 Ala. 726, 212 So.2d 704, we held that neither time nor place is a material element of robbery. T. 15, § 237, Code of Alabama, Recompiled 1958.
Although we have addressed appellant’s assertion of error with respect to the alleged defects in the indictment, we take cognizance that a motion to quash was not the proper way to present the issue, and the court was not in error for overruling it. Duncan v. State, 278 Ala. 145, 176 So.2d 840(1,2); Johnson v. State, Ala.Cr.App., 335 So.2d 663, cert. den. 335 So.2d 678.
SPEEDY TRIAL
Appellant filed a motion to abate the indictment because he was denied his right to a speedy trial. Amendment VI, United States Constitution; Section VI, Constitution of Alabama, 1901.
At the time the indictment was returned on June 11, 1975, defendant was a prisoner in Nevada on a charge of armed robbery. He was judged on a plea of guilt in August of 1975. No appeal was taken. Soon after being notified in March or April, 1976, about the extradition papers, he filed a petition in the Courts of Nevada for a writ of habeas corpus. Upon denial of the petition, he took an appeal which was decided adversely to him in January of 1977. It appears that the legal proceedings, namely, the petition for a writ of habeas corpus, were filed to defeat extradition.
Taking all the circumstances into consideration, and balancing them, namely; defendant’s imprisonment and the delaying tactics occasioned by the institution of the habeas corpus proceedings, we do not see that defendant has any right to complain. He further fails to show any prejudice resulting from the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; Cook v. State, Ala.Cr.App., 333 So.2d 855(1)(2), cert. den. Ala., 333 So.2d 858; Mayberry v. State, 51 Ala.App. 343, 285 So.2d 507(9); cert. den. 291 Ala. 792, 285 So.2d 512, cert. den. 415 U.S. 929, 94 S.Ct. 1438, 39 L.Ed.2d 486; Tiner v. State, 279 Ala. 126, 182 So.2d 859(16)(17); Giles v. State, 52 Ala.App. 106, 289 So.2d 673(2); Gilbreath v. State, 54 Ala.App. 676, 312 So.2d 81(2)
We find no ruling of the Court that was prejudicial to the defendant.
The judgment is hereby affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.