The appellant was convicted by a jury in the Circuit Court of Jefferson County for a violation of Section 16-18 of the General Code of the City of Birmingham 1964, as amended, making it unlawful for any person to knowingly publish, print, exhibit, distribute or have in his possession with the requisite intent any obscene matter. In this instance the obscene matter was a movie entitled Illusions of Love. The appellant was the manager of the Centennial Cinema in Birmingham, Alabama, where the movie was being shown.
On appeal the sufficiency of the evidence is not challenged. Nor does the appellant take issue with the jury's finding that the film was indeed obscene and pornographic. In light of such we will forego any discussion of the nauseating contents of the film and the facts resulting in the conviction of the appellant.
 I
Initially the appellant contends that Section 16-18 of the General Code of the City of Birmingham 1964, as amended, is unconstitutional. Birmingham City Ordinance Number 67-2 was codified without change and became Section 16-18 on January 9, 1976. We have previously held that this particular section is constitutional. McKinney v. City of Birmingham, 52 Ala. App. 605, 296 So.2d 197, cert. denied, 292 Ala. 726, 296 So.2d 202
(1973); Robinson v. State, 353 So.2d 528 (Ala.Cr.App., 1977). The constitutionality of a similar ordinance of the City of Montgomery was confirmed in Gilbert v. City of Montgomery, Ala.Cr.App., 337 So.2d 140 (1976). Under these authorities this contention advanced by the appellant is without merit.
 II
The appellant asserts that he was not afforded a speedy trial contrary to the Sixth Amendment of the Constitution of the United States.
The appellant was arrested on January 27, 1976, and was adjudged guilty in the Recorder's Court of the City of Birmingham. On February 11th, he posted an appeal bond and demanded a jury trial. The appeal was docketed by the circuit clerk on April 22, 1976, and trial was first scheduled for June 21, 1976. The case was rescheduled on three different dates and came to be heard on February 22, 1977. From the record it appears that the trial was reset because other "movie cases" were tried during this time and ultimately due to the congestion of obscenity cases on the trial court's docket. The presiding judge for the Circuit Court of Jefferson County explained:
 "The City appeals docket is set one week a month. It is the policy of this Court on pornograph — as a matter of fact, anything else — we will only try one pornograph per month because then we have got the jury, in our judgment, we got the jury tainted, having seen one pornographic movie, we don't want to try another one because then we've got trouble getting jurors."
The record reveals no request for or objection to any continuance by either the city or the defense. The appellant never requested a speedy trial. A motion to dismiss filed by the appellant on February 22, 1977, the date of trial, attempted to raise the question of the failure to afford the appellant a speedy trial.
A defendant is not entitled to raise an issue as to a denial of a speedy trial absent an attempt, prior to the trial date, to bring to the attention of the court the alleged denial of a speedy trial. Hodges v. State, 48 Ala. App. 217, 263 So.2d 518
(1972). The appellant did not make a prima facie case for release on grounds of the denial of a speedy trial and has not even alleged that any actual prejudice resulted from the fact that trial was delayed. Sellers v. State, 48 Ala. App. 178,263 So.2d 156 (1972). A defendant *Page 233 
who makes no outcry when there was a delay in his trial is deemed to have waived his right to a speedy trial. Autrey v.State, 44 Ala. App. 53, 202 So.2d 88, cert. denied,390 U.S. 1030, 88 S.Ct. 1422, 20 L.Ed.2d 287 (1967); Broadnax v. State,54 Ala. App. 546, 310 So.2d 265 (1975). It is fundamental that an accused must affirmatively exercise his right to a speedy trial. Mayberry v. State, 51 Ala. App. 343, 285 So.2d 507, cert. denied, 291 Ala. 792, 285 So.2d 512, cert. denied,415 U.S. 929, 94 S.Ct. 1438, 39 L.Ed.2d 486 (1972). Since there was no effort on the part of the appellant to secure his right to a speedy trial prior to the day of trial, he may not complain of any delay on appeal. Harmon v. State, 48 Ala. App. 521,266 So.2d 325, cert. denied, 289 Ala. 744, 266 So.2d 328 (1972);Moulden v. State, 47 Ala. App. 573, 258 So.2d 915 (1972).
 III
The appellant contends that he was denied the effective use of his peremptory challenges because the trial court did not excuse four jurors for cause.
On voir dire examination of the jury panel, defense counsel asked the following question.
 "If during the course of the trial of this case the evidence shows that Tom Tidmore showed or caused to be shown in the City of Birmingham a movie which depicted acts of sexual intercourse including cunnilingus, fellatio, homosexuality and bisexuality, would you merely because of that be prejudiced against him?"
Five jurors responded: Mr. Crabtree, Mr. Parker, Mrs. McLaughlin, Mrs. Keith and Mrs. Grace. The trial judge then instructed the jury on its duties, responsibilities and that the jury must decide whether or not the film was obscene based on certain criteria under the law and upon which the jury would be instructed.
Juror Grace then responded that she could be guided by the law, as did Jurors Keith and Crabtree. Juror McLaughlin was excused by the court. Subsequently defense counsel requested that Jurors Crabtree, Grace, Keith, and Parker be excused for cause. The court then overruled this request with the following comment.
 "My recollection of when I explained to them, namely the charge and the fact that not their personal evaluation is involved, and as we all know, it is contemporary community standards. I think each of them individually answered they would base it on the law in the case and the evidence in the case so I am going to overrule it."
The City then asked a few questions of the jurors whereupon the trial court, in an abundance of caution, again inquired of the jurors
 "I think I am going to ask a question to make sure I understand correctly. I think I do but to make sure, Mrs. Grace, Mrs. Keith, Mr. Parker, Mr. Crabtree, this may be a duplication but I want to make sure that I am correct.
 "In answer to the question that you would be prejudiced — would anyone be prejudiced against the defendant because they showed a certain picture with certain acts, then I explained the law and what the proof had to be and particularly I have emphasized that you must be guided by the law and I want you all to be very candid about it, that is really what we are here for, and we want to make very sure everyone is as impartial as is humanly possible for people to be, realizing we are all people. Are you sure, Mrs. Grace, you wouldn't be — understanding the law and seeing this picture, do you — are you sure that you would not be prejudiced against the defendant but would base it solely on the —
"THE JUROR: Right, after your explanation.
"THE COURT: Mrs. Keith?
 "THE JUROR: I could do it, with the law. I could do it.
"THE COURT: Mr. Parker?
"THE JUROR: Applying the federal law to it?
 "THE COURT: Yes, it is really Alabama law, too. I used the United States Supreme *Page 234 
Court because that is where over the years case after case has come out of, but this is Alabama law, in fact, right now as far as I know. It changes frequently.
Mr. Crabtree?
"THE JUROR: Yes, sir, I think I could.
 "THE COURT: All right, I will overrule the motion again."
The action of the trial court in overruling the motion to excuse the jurors for cause was proper. The principles of law involved are clear and are concisely set forth under 50 C.J.S. Juries § 242, pp. 998-999.
 "A juror is incompetent who has such personal opinions with respect to the subject matter of the suit, or conscientious scruples on any subject, as would influence his verdict, . . ., or who has a fixed opinion as to any of the main issues involved.
* * * * * *
 "In general the same test which determines whether a juror's opinions as to the guilt or innocence of accused disqualifies him, . . ., is applied to determine whether a juror's scruples will disqualify him; that is, can he eliminate the influence of his scruples and render a verdict according to the evidence? Ordinarily he is not disqualified where it appears that he is entirely willing to accept the law as laid down by the court and able to decide the case impartially according to the evidence. The determination of this question is based on the juror's answers and demeanor and is within the sound discretion of the trial judge."
Thus, where jurors testify that they have opinions but that they would try the case fairly and impartially according to the law and the evidence, and that their opinions would not influence their verdict, those jurors are competent to serve.Godau v. State, 179 Ala. 27, 60 So. 908 (1913); Strickland v.State, 151 Ala. 31, 44 So. 90 (1907); Huddleston v. State,37 Ala. App. 57, 64 So.2d 90, cert. denied, 258 Ala. 579,64 So.2d 102 (1953). To disqualify a prospective juror, he must have more than a bias, or fixed opinion, as to the guilt or innocence of the accused. Such opinion must be so fixed as that it would bias the verdict a juror would be required to render.McCorvey v. State, Ala.Cr.App., 339 So.2d 1053, cert. denied, Ala., 339 So.2d 1058 (1976); Hammil v. State, 90 Ala. 577,8 So. 380 (1890).
We have carefully reviewed the entire record as is required by law and it is our opinion that the judgment of the trial court is due to be and is hereby
AFFIRMED.
All Judges concur.