HARRIS, Presiding Judge.
Appellant was convicted of robbery and the jury fixed his punishment at twenty-five years in the penitentiary. Prior to trial appellant filed a written waiver of arraignment and a plea of not guilty to the indictment. After sentence was imposed, appellant gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.
The evidence presented by the State tended to show that on November 18, 1976, Mrs. Becky Roberson was operating Wiggins Grocery Store on the Woodley Road which was located about four miles south of the Hunter Loop in Montgomery County, Alabama. Between two and three o’clock in the afternoon of that date two black men entered the store. Appellant was one of the men and he pointed a sawed-off shotgun directly at Mrs. Roberson and said, “You can give me all your cash.” Mrs. Roberson opened the cash register and before she could get the money out appellant reached into the register and got all the currency. He then told her to put the change in a sack. While appellant, was holding the shotgun on Mrs. Roberson the second black man walked into Mrs. Roberson’s living quarters to the rear of the store. He returned in a few minutes and told appellant there was not anything back there they wanted and proceeded to take several packages of cigarettes from behind the counter. In the meantime a third black man entered the store and picked up a six-pack of beer and told Mrs. Roberson to put it in a sack. After the robbery was completed the three men left the store with the money, cigarettes and beer. As they were leaving appellant turned around and said, “We will be back and you better have more money.”
Mrs. Roberson further stated she observed the three bandits enter a white car with dark-colored doors and speed away. After the men left she called her employer and the police.
*236 Mrs. Roberson made a positive in-court identification of appellant as the man who pointed the sawed-off shotgun at her.
From the record:
“Q. And you’re absolutely positive
“A. I am absolutely positive. If you was looking down a double barrel shotgun, you ain’t going to forget their face if they are holding it on you.
“Q. Were you looking at his face or were you looking at the shotgun?
“A. I was looking at him and the gun, because he had it pointed right at my heart. I was looking at him.
“Q. Was he pointing it at anybody?
“A. He was pointing it right at me. Yes, sir. I won’t never forget that face. As long as I live, I’ll never forget it.”
Officer John Presley of the Montgomery Police Department testified that he received a radio dispatch to be on the lookout for three black male robbery suspects driving “a late model Plymouth with dark-colored doors.” Presley stated that he and his partner proceeded to the intersection of the Troy Highway and the Virginia Loop Road and they spotted the late model Plymouth with dark-colored doors. There were three black males in the car and appellant was one of the men. They stopped the car in less than five minutes after receiving the radio dispatch. After removing the three men from the car the officers saw a bag containing bills, some coins, cigarettes, beer and two sawed-off shotguns. They counted the currency in the bag and found $107.00.
Other police officers testified as to the chain of custody of the seized items from the car and there was no broken chain in the possession and custody of the seized items.
Appellant did not testify but offered one witness who stated that appellant did not participate in the robbery; that he was only a passenger in the car and that he did not get out of the car at the store alleged to have been robbed.
At the close of the State’s case appellant made a motion to exclude the State’s evidence for failure to make out a prima facie case. Appellant also requested the affirmative charge and made a motion for a new trial. The affirmative charge was refused and both motions were overruled and denied.
After the jury was struck and the case was ready for trial, appellant made a motion to dismiss the case on the ground that he was denied his constitutional right to a speedy trial. The case had been called for trial on April 19, May 25, and June 28, 1977. The case was continued on motion of the State on each of these occasions due to the absence of a key witness. The witness was Officer Presley whose wife had recently given birth to a child and it became necessary to rush the child to the University Hospital in Birmingham.
Counsel for appellant claims that each of these continuances granted to the State was over his objections. The record in this case does not support these claims of appellant. There was an eight-month delay in getting the case to trial but this is not an inordinate amount of time. Gilbreath v. State, 54 Ala.App. 676, 312 So.2d 81; Giles v. State, 52 Ala.App. 106, 289 So.2d 673. Appellant adduced no evidence even tending to show that he was prejudiced by this delay.
It is not within the province of the Court of Criminal Appeals to pass judgment on the truthfulness of conflicting evidence. Such testimony is for the jury, and a verdict rendered thereon will not be disturbed on appeal. Little v. State, Ala.Cr.App., 340 So.2d 88; May v. State, Ala.Cr.App., 335 So.2d 242.
Where the evidence raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State’s evidence, refusal to give the affirmative charge, and overruling of a motion for new trial do not constitute error. May, supra; Robinson v. State, Ala.Cr.App., 339 So.2d 145; Young v. State, 283 Ala. 676, 220 So.2d 843.
The trial judge refused to give appellant’s written requested charge, “The *237 State must prove its charge beyond a reasonable doubt by the evidence. The assertions of counsel are not evidence.” In the oral charge, the trial judge substantially and adequately instructed the jury on what constitutes a reasonable doubt. However, he did not charge that the assertions of counsel are not evidence. Appellant claims this was error.
In Lamar v. State, Ala.Cr.App., 356 So.2d 677 this Court reversed defendant’s conviction for the trial court’s failure to give the above charge. The Supreme Court of Alabama granted the State’s petition for certiorari and reversed this Court, 356 So.2d 680.
In Lamar, Justice Shores wrote:
“Clearly, assertions made by counsel are not evidence, but it is not necessary in every criminal prosecution that a charge to that effect be given to the jury. If the trial court adequately charges the jury as to what evidence it may properly consider in its deliberations, and adequately charges that the state has the burden to prove its charge beyond a reasonable doubt, it is not necessary that the charge expressly exclude assertions of counsel from the jury.”
In this case, immediately preceding the closing arguments of counsel, the trial judge told the jury:
“We are getting to the area known as argument to the jury. This is not testimony but this is the way the State sees the case and the way the Defense counsel sees it.” (Emphasis added.)
Furthermore, the trial judge, in his oral charge to the jury, instructed:
“You are the sole judges as to the weight that should be given to all the testimony in this case.”
* * * * * *
“You take the testimony of the witnesses that you heard from the stand, together with all proper and reasonable inferences therefrom, and apply your common sense, and in an honest and impartial way, determine what you believe to be the truth.” (Emphasis added.)
We believe that the trial judge properly instructed the jury as to what evidence it could consider in its deliberations, as required by Lamar, supra. Thus, on the authority of Lamar, the refusal to give the requested charge in this case was not error.
Appellant also requested that the trial judge charge the jury on the lesser included offenses of robbery. These requested charges were refused. Such was not error in this particular case.
In a trial on an indictment for robbery, the defendant is not entitled to charges on lesser included offenses, where the only reasonable conclusion from the testimony is that the defendant is guilty of robbery or no crime at all. Carter v. State, Ala.Cr.App., 340 So.2d 94; Golston v. State, 57 Ala.App. 623, 330 So.2d 446.
Under the evidence in this case, no crime was committed other than the commission of armed robbery. According to the victim, Becky Roberson, appellant took money, beer, and cigarettes from her, in her presence, by use of force, and thus carried that property away.
A thorough search of the record reflects no error injuriously affecting the substantial rights of appellant. The judgment of conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.