HARRIS, Presiding Judge.
Appellant was indicted by the Grand Jury of Mobile County in October, 1976, for the sale of heroin. Appellant then filed a motion to quash this indictment on the ground that blacks had been systematically excluded from the jury rolls. This motion was heard and denied by the trial court in January, 1977. Following a favorable ruling in Federal Court on Habeas Corpus, the trial court quashed the October, 1976 indictment on May 6, 1977.
On July 1, 1977, appellant filed a petition for writ of habeas corpus alleging that he had been denied a speedy trial. According to the evidence, appellant was at that time incarcerated on charges other than the sale of heroin. The trial court heard the petition, ruling that the appellant should be discharged unless reindicted by the Grand Jury by September 15, 1977. This ruling was made August 26, 1977.
On September 22, 1977, appellant was reindicted by the Grand Jury of Mobile County for the sale of heroin. In the presence of counsel, appellant was duly arraigned, entering a plea of not guilty to the charge. Prior to trial, on January 23, 1978, appellant filed the following motion to dismiss.

“MOTION TO DISMISS FOR DENIAL OF SPEEDY TRIAL

“Comes now JAMES ALVIN HAWTHORNE, defendant in the above style cause, and moves this Honorable Court to dismiss the charge against him for and on account that he has been denied his right to a speedy trial on the instant charge. In support thereof, defendant offers to show as follows:
“1. On September 22, 1976, the Mobile County Grand Jury returned a ‘secret’ indictment against defendant charging him with the sale of heroin, a controlled substance. Defendant was arrested on October 26, 1976, pursuant to said indictment.
“2. On January 4, 1977, defendant filed his motion to quash the indictment against him based on the systematic exclusion of Negroes from the jury roll of Mobile County, Alabama. Defendant’s motion was subsequently denied and on April 20, 1977, defendant filed his motion for reconsideration of his prior motion to quash the indictment returned against him.
“3. On May 6, 1977, the indictment against petitioner for sale of heroin was quashed by Order of this Court.
“4. On July 1, 1977, defendant filed a petition for writ of habeas corpus alleging that he had been denied his right under the Sixth Amendment to the United States Constitution and under Article 1, Section 6, Constitution of Alabama to a speedy, public trial by an impartial and constitutionally selected jury. Defendant’s petition recited that he had been incarcerated for over eight and one-half months without benefit of an opportunity to show his innocence through trial. Said denial of speedy trial was alleged to have caused defendant great mental, physical and emotional distress and injury and was further alleged to have seriously prejudiced his opportunity to prove his innocence. Said petition came on for a hearing and on August 26, 1977, the Honorable Ferrill D. McRae ordered defendant released on September 15, 1977, if he had not been reindicted ‘by said time. “5. Defendant remained incarcerated until mid September, 1977, when he was released on bond, having been subsequently reindicted for the instant charge. Defendant’s term of incarceration, without trial, extended from October 26, 1976 until September, 1977.
“6. Defendant’s excessive and unwarranted incarceration without trial caused him great mental, physical and emotional distress and injury and seriously prejudiced his opportunity to prove his inno *1277 cence. Some fifteen months have now passed since the defendant’s initial arrest on the instant charge; said delay has been unreasonable and oppressive.
“WHEREFORE, THE PREMISES CONSIDERED, defendant respectfully -moves this Honorable Court for an order dismissing the instant charge.”
During the hearing on the motion, counsel for appellant stated that his client had been unduly prejudiced, because in the 16 months that had passed since his arrest, appellant no longer recalled his whereabouts on the date of the alleged sale. The appellant’s motion was denied.
Appellant now contends that he is entitled to relief under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; and Prince v. State, Ala.Cr.App., 354 So.2d 1186, cert. denied, Ala., 354 So.2d 1193. We do not agree.
In Barker v. Wingo, supra, the United States Supreme Court delineated the four factors t.o be considered in determining whether or not an accused’s right to a speedy trial has been violated. These factors are: (1) the length of the delay, (2) the accused’s assertion of his right, (3) the reason for the delay, and (4) prejudice to the accused.
In this case, the delay of time from arrest until trial, sixteen months, was not an inordinately excessive period of time when compared to the five year delay in Barker v. Wingo, supra, and the three and a half year delay in Prince, supra. Appellant did not assert his right to a speedy trial of his case until July 1, 1977, a period of eight months from the time of the original indictment.
During this time appellant was busily engaged in his successful attempts to have the original indictment quashed. This Court, in Braden v. State, 49 Ala.App. 97, 268 So.2d 877, wrote:
“The appellant may not complain of self-imposed delay . . .. Delays result when an accused seeks to take advantage of all the protections guaranteed by law, and often he must relinquish some measure of the dispatch to which he might otherwise be entitled. Appellant will not be allowed to have his cake and eat it too.”
See also O’Such v. State, Ala.Cr.App., 351 So.2d 676.
Neither has appellant sufficiently shown himself to have been prejudiced by the delay in bringing the case to trial. Appellant’s assertion that he is unable to prepare an alibi defense because he cannot recall his whereabouts on the day of the offense presents “nothing more than a bare possibility that the delay prejudiced him in his defense of the case.” Crawford v. State, Ala.Cr.App., 342 So.2d 450. Although such an assertion may suffice where the delay is excessive and inexcusable, Prince, supra, such is not the case here.
Because appellant moved to exclude the State’s evidence at the close of the State’s case, a brief recital of the facts is necessary.
Barry Lee Newsome, an agent for the Mississippi Bureau of Narcotics, was on assignment for Mobile authorities on September 7, 1976. That evening Newsome asked appellant, whom he positively identified at trial, if he had any capsules of heroin for sale. Appellant sold Newsome two capsules for thirty dollars. Subsequently, these capsules were examined by Alilee Pillman, a toxicologist for the City of Mobile Police Department, with twenty-six and a half years experience in such matters. Miss Pillman testified that the capsules contained heroin. No question is raised as to the chain of possession of the heroin. There was no missing link in the chain of possession.
Appellant’s defense consisted of his total denial of having ever sold heroin to anyone and the fact that Newsome testified that the vendor had an “afro.” Witnesses who testified in behalf of appellant stated that appellant had not worn an afro for several years. Conflicting testimony presents an issue for the jury to resolve and the jury resolved that issue against appellant in 28 minutes.
*1278 The State’s testimony established a prima facie case of sale of heroin by appellant. Although appellant denied the charge, this conflicting evidence presented a jury question and a verdict rendered thereon will not be disturbed by this Court. Young v. State, Ala.Cr.App., 346 So.2d 509.
A careful search of the record reflects no error injuriously affecting the substantial rights of appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.